IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CARLOS PEREZ,

    Plaintiff,

v.

RODERICK HICKMAN,

    Defendant.

No. C 05-05241 JSW

_____/

MARCIANO PLATA, et al.,

    Plaintiffs,

v.

ARNOLD SCHWARZENEGGER, et al.,

    Defendants.

No. C01-1351 TEH

ORDER

_____/

    The Court is in receipt of the parties' Joint Administrative Motion to Consider Whether Cases Should be Related. Having considered the matter, the Court finds that the above captioned cases are not related within the meaning of Local Rule 3-12(a). First, while the actions involve some overlapping parties, they do not involve the same transaction or events. Rather, *Perez v. Hickman*, which concerns dental care, as opposed to medical care, involves a completely distinct set of dental policies and procedures and a distinct set of dental health professionals.

    Further, it does not appear likely that there will be an unduly burdensome duplication of labor or conflicting results if the cases are conducted before different judges. In *Plata v. Schwarzenegger*, the Court is in the process of appointing a Receiver who will assume control of the delivery of medical health care to California inmates. This process, and the Court's oversight of the Receivership, will be a distinct and separate

process from the implementation of the proposed Stipulation and Order submitted in *Perez*.  In short, while the Court has familiarity with the California Department of Corrections and Rehabilitation, it is not persuaded that there is sufficient overlap between the cases such that the cases are related within the terms of Local Rule 3-12.

**IT IS SO ORDERED.**

Dated: January 4, 2006

THELTON E. HENDERSON
UNITED STATES DISTRICT JUDGE