IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS PEREZ, et al.<br><br>  Plaintiffs,<br><br>  v.<br><br>RODERICK HICKMAN, et al.,<br><br>  Defendants.<br>_____/ | No. C 05-05241 JSW<br><br>**NOTICE OF QUESTIONS FOR HEARING** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON APRIL 7, 2006, AT 9:00 A.M.:

**Motion for Class Certification**

1. Is the Court correct in its assumption that although it was not filed as a joint motion, Defendants do not oppose the motion for class certification?

**Motion for Preliminary Approval of the Settlement**

2. Regarding the Stipulation in which the substance of the settlement is set forth, given when this case was filed, and the deadlines set forth therein, have the parties been moving forward in an effort to meet those deadlines? If not, why and what deadlines will need to be modified to address that fact?

   a. Specifically, have the requirements set forth in paragraphs 15 ad 16 of the Stipulation been implemented?

3. Is Exhibit A to the Settlement intended to be the final version of the policies and procedures that will be put in place? If so, the parties will need to address

numerous typographical errors before it is made available to inmates. For example, there are numerous references to a Chapter 7, which no longer exists and the references appear to refer to Chapter 5. In addition, the document varies between references to the California Department of Corrections and Rehabilitation (CDCR) and the California Department of Corrections (CDC). Unless there is a difference, such references should be made consistent to the appropriate name of the entity. In addition, Section 2.5 still contains redline additions. *See also* page 3.1-8 at IV.A.13.b. The Court will provide the parties with a list of what appears to be other typographical errors that it located during its review of the policies and procedures.

4. Exhibit B to the Stipulation is clearly marked "Draft" and has proposed dates for completion of certain projects. Although some of the projects have actually been completed, it appears that there are a number of dates that are now overdue. Do the parties intend to submit an updated version of this document with the stipulation? The Court notes that it would prefer to see an updated version included in the materials provided as part of the notice.

5. Many of the sections, *e.g.* 1.3, Section I., refer to "medical" needs - why do the parties not refer to "dental" needs (and/or services) in a consistent fashion, given that these policies are intended to focus on dental care and services? *See also Chapter 2.14 re Hygiene Intervention.*

6. Is the rationale for providing dental examinations to inmates under 50 every two years based on numbers, such that more frequent examinations are not feasible? Is this the opinion of experts who helped formulate policies? Similarly, what is the rationale for providing root canals to inmates with less than six months remaining only on an emergency basis and limiting specific levels of dental care to inmates with less than one year or six months remaining respectively? *See* Chapters 2.9, Section III.G. and 5.4, Section III.E

7. What is "DOM Section 52040.5," which is referenced in Chapter 3.2, Section III.E?

8. Is there a specific time frame needed for the maintenance described in Chapter 4.6 at page 4.6-4, Sections F and G? If so, why was it not included?

9. Chapter 4.8 provides for Inmate Dental Workers. Is it feasible to have an inmate work as a dental laboratory technician yet not operate medical or dental equipment? *See* page 4.8-1, Section III.A.5.

10. With reference to the co-payments, is the intent of Chapter 5.1, Section III.C that in addition to inmate initiated visits, an inmate is to be charged for any dental service that is not inmate initiated?

11. What is the rationale for making a cancellation or request to reschedule an intentional failure to report for an appointment? Do the parties contemplate any exception for requests supported by good cause? *See* page 5.2-2 at Section III.B. Are failure to report to an appointment and refusing treatment possible disciplinary actions? *See* page 5.2-3 at Section III.C.4 and page 5.7-1 at Section III.G? If so, what is the rationale for this?

12. What is the difference, if any, between Chapters 5.8 and 5.10? The Court also notes that it appears the list of potential dental emergencies listed in these two sections is not coextensive. Was there a reason for this?

13. In Chapter 6.4, the parties use the term "Medical/Dental Chrono", but do not use it consistently. Is there a reason for this? The Court has the same question with respect to the reference to medical/dental layins in Chapter 6.5.

**Stipulation re Class Notice**

14. Is there a reason the parties chose not to include the name of the particular attorney at attorney general, as in *Plata*, responsible for case or at the very least the address of the Office of the Attorney General?

15. Do Defendants confirm that improvements did, as represented, begin in January 2006 at certain facilities?

16. Do the parties plan to include a summary of the important improvements be provided as in *Plata*?

Dated: April 6, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE