|     |     |
| --- | --- |
| CARLOS PEREZ, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>~~RODERICK HICKMAN~~, et al.,<br>JAMES TILTON,<br>　　　Defendants. | No. C05-5241 JSW<br><br>~~[PROPOSED]~~ ORDER CERTIFYING CLASS FOR PURPOSES OF SETTLEMENT AND REMEDIAL PHASE OF THE LITIGATION |

Plaintiff's motion for class certification is pending before this Court. The parties have reached a settlement in this action, set forth in the ~~Stipulation and [Proposed] Order~~ Amended Stipulation and [Proposed] Order, stating that this shall be maintained as a class action for the purposes of the remedial phase of the litigation. and for purposes of Settlement.

## BACKGROUND

This action arises under the Civil Rights Act, 42 U.S.C. § 1983 *et seq* and the Eighth Amendment of the U.S. Constitution. Plaintiff alleges, on his own behalf and on behalf of all California state prisoners, that defendants have failed to provide necessary dental services for prisoners' serious dental conditions. The settlement reached by the parties in this action provides for class-based relief to provide for the delivery of dental services to all California state prisoners in the custody of the California Department of

Class Certification Order
~~*Perez v. Hickman*~~, C-05-5241
Perez v. Tilton,

Corrections and Rehabilitation.

## LEGAL STANDARD

A court may certify a class if the plaintiff demonstrates that all of the requirements of Federal Rule of Civil Procedure 23(a) are satisfied and at least one of the requirements of Rule 23(b) is satisfied. *See* Fed. R. Civ. P. 23; *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227 (9th Cir. 1996). Rule 23(a) requires that the four following factors be met: (1) the class is so numerous that joinder of all members is impracticable ("numerosity"), (2) there are questions of law or fact common to the class ("commonality"), (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class ("typicality"), and (4) the representative parties will fairly and adequately protect the interests of the class ("adequacy"). *See* Fed. R. Civ. P. 23(a).

In addition to demonstrating that the Rule 23(a) requirements are met, plaintiff must establish one or more of the following grounds for maintaining the suit as a class action pursuant to Rule 23(b): (1) that there is a risk of substantial prejudice from separate actions; (2) that declaratory or injunctive relief benefitting the class as a whole would be appropriate; or (3) that common questions of law or fact predominate and the class action is superior to other available methods of adjudication. *See* Fed. R. Civ. P. 23(b). Here, plaintiff asserts that this class falls within Rule 23(b).

## DISCUSSION

### I. Rule 23(a) Requirements

#### A. Numerosity

Rule 23(a)(1) requires that the number of potential plaintiffs makes joinder impracticable. Here, the state of California currently houses in 33 state prisons approximately 164,000 prisoners, all of whom require dental screening, and many of whom will require dental services for serious dental conditions. The numerosity requirement is easily met.

#### B. Commonality

"[C]ommonality is satisfied where the lawsuit challenges a system-wide practice or

policy that affects all of the putative class members." *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001). The failure to provide minimally adequate dental care to state prisoners constitutes a system-wide practice, satisfying the commonality requirement.

### C. Typicality

Typicality exists if the named plaintiff's claims are "reasonably coextensive" with those of absent class members. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 120 (9th Cir. 1988). Typicality does not mean that the claims of class members must be identical but rather that "the injuries result from the same, injurious course of conduct." *Armstrong v. Davis*, 275 F.3d at 869. Here, the injury suffered by the named plaintiff, *i.e.*, the deprivation of necessary dental services, is identical to that suffered by other class members.

### D. Adequacy

The adequacy of representation factor requires that the named plaintiff's interests be "co-extensive with, and not antagonistic to, the interests of the class, and that the named plaintiffs, and thus the class, be represented by qualified and experienced counsel." *Perez-Funez v. District Director, I.N.S.*, 611 F.Supp. 990 (C.D. Cal. 1984), citing *Johnson v. Georgia Highway Express, Inc.*, 417 F.2d 1122, 1124-25 (5th Cir.1969).

There is no evidence that the named plaintiff's interests are at odds with the interests of the class. The class is represented by qualified and experienced counsel who have been lead counsel in numerous successful prisoners' rights class actions. Plaintiff has met the adequacy factor.

## II. Rule 23(b) Requirements

Once the four 23(a) requirements are met, the Court must determine whether the case meets any of the three requirements of Rule 23(b). Plaintiff argues this class should be certified under Rule 23(b)(2), which provides that a class action may be maintained if the Rule 23(a) prerequisites are met and

> the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

1 Fed. R. Civ. P. 23(b)(2).

2      Here, plaintiff alleges, and defendants have stipulated, that defendants have acted in
3 a manner generally applicable to the class. Accordingly, the Court concludes that
4 certification under Rule 23(b)(2) is appropriate.

## CONCLUSION

6      For the foregoing reasons and for good cause shown, the Court hereby GRANTS
7 plaintiff's motion for class certification. The Court hereby certifies the following class: all
8 current and future California state prisoners in the custody of the California Department of
9 Corrections and Rehabilitation with serious dental care needs, for purposes of Settlement and the remedial phase of this litigation.

10      **IT IS SO ORDERED.**

12 Dated: May 1, 2006
       _____

                                              _____
                                              JEFFREY S. WHITE
                                              United States District Judge

Class Certification Order
~~Perez v. Hickman~~, C-05-5241                    4
Perez v. Tilton