1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          NORTHERN DISTRICT OF CALIFORNIA

10

11

12   CARLOS PEREZ, et al.,                    No. C05-5241 JSW

13          Plaintiffs,                        [PROPOSED] PRELIMINARY
                                               APPROVAL ORDER
14          v.
     RODERICK HICKMAN, et al.,
15   JAMES TILTON

16          Defendants.

17

18      The plaintiffs in this action, California state prisoners who have serious dental

19   conditions, allege that the defendants have failed to provide minimally adequate dental care

20   services.  Plaintiffs assert that the failure to provide them with dental care for their serious

     dental needs constitutes cruel and unusual punishment, in violation of the Eighth
21
     Amendment of the U.S. Constitution.
22
        The parties have moved jointly for preliminary approval of a settlement agreement
23
     set forth in an Amended Stipulation and [Proposed] Order (hereinafter, the "Stipulation"),
        a Stipulation and [Proposed] Order, and plaintiffs have moved concurrently for
24
     the certification of a class of California state prisoners in the custody of the California
25
     Department of Corrections and Rehabilitation with serious dental care needs.  The parties
26
     have submitted a proposed Notice to the Class, as well as a proposed order regarding the
27
     distribution of the order to the plaintiff class.
28

Preliminary Approval Order
*Perez v. Hickman*, C-05-5241
  Perez v. Tilton,

I.      **Overview of Terms of Settlement**

The parties agree that the remedy relief is "narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).  Under the terms of the Stipulation:

1.      Defendants will implement the Dental Services Policies and Procedures.  The Stipulation provides that the Policies and Procedures shall be implemented on a staged basis, with certain prisons starting in July, 2006, and additional prisons starting each successive year, through 2009.

2.      Implementation of the Stipulation will be executed according to the Defendants' Implementation Plan, which is incorporated into the Stipulation.

3.      Defendants will complete a state-wide staffing study by June 1, 2006 to determine dental staffing needs, and based on the study, will hire staff sufficient to meet their needs to fulfill their duties under the Stipulation.

4.      Defendants will immediately provide at all prisons access to 24-hour emergency dental care, fluoridated toothpaste or toothpowder, and dental floss or interdental cleaners.

5.      Defendants will develop and implement a dental care tracking system, and will provide all prisoners with dental self-care education.

6.      Plaintiffs' counsel and experts will have reasonable access to the prisons in order to evaluate the adequacy of the dental care delivery system and the proposed remedies, and the parties shall negotiate a document production agreement to provide Plaintiffs with information from the prisons and headquarters regarding dental care delivery.

7.      The parties request that this Court appoint two specifically-named dental experts to advise the Court on compliance with the Stipulation.

8.      Defendants will conduct audits of compliance with the Dental Services Policies and Procedures.  Defendants will use an audit instrument to be developed by Defendants, in consultation with the Court experts and Plaintiffs, by ~~June 30, 2006~~. December 1, 2006.

9.      Defendants may move to vacate the Stipulation and dismiss this case when all

1    institutions have been found in substantial compliance under the terms of the Stipulation.

2        10.    Plaintiffs are the prevailing parties and may apply for attorneys' fees.

3        11.    The Court retains the power to enforce the Stipulation through specific performance

4    and all other remedies permitted by law.

5    **II.    Rule 23(e) Requires Settlement To Be Fair, Adequate and Reasonable**

6        Federal Rule of Civil Procedure 23(e) requires this Court to determine whether the

7    proposed Stipulation ~~and [Proposed] Order~~ is fundamentally fair, adequate and reasonable.  Fed.

8    R. Civ. P. 23(e).  "It is the settlement taken as a whole, rather than the individual component parts,

9    that must be examined for overall fairness."  *Hanlon v. Chrysler Corporation*, 150 F.3d 1011,

10   1026 (9th Cir. 1998).

11       Here, the parties, both represented by counsel with decades of experience in prison

12   conditions litigation, have engaged in extensive negotiations over 18 months.  These negotiations

13   resulted in the development of comprehensive dental services policies and procedures to be

14   implemented at each of California's 32 state prisons.  The dental services policies and procedures

15   have been reviewed and approved by both parties' dental experts.  The agreement, set forth in the

16   parties' Stipulation ~~and [Proposed] Order~~, provides immediate and important benefits to the

17   plaintiff class, and permits the defendants to immediately focus resources on addressing dental

18   care deficiencies rather than engage in a protracted and expensive litigation battle at the taxpayers'

19   expense.

20       The notification procedures suggested by the parties are well-calculated to alert interested

21   California state prisoners to the existence of the lawsuit, the nature of the allegations and claims,

22   and the proposed terms of relief.  It is reasonable to assume that these notification procedures will

23   allow class members who believe their interests have not been adequately represented in the

24   settlement to present objections to the settlement proposal to the Court and the parties.  The Court

25   will then be well-positioned to make any appropriate adjustments to the final version of the order.

26       As a preliminary matter, this Court finds that the proposed settlement set forth in the

27   Stipulation ~~and [Proposed] Order~~ is fair, adequate and reasonable.

28

1    **III.    Scheduling Order**

2         1.      The parties shall furnish notice of the proposed settlement to the plaintiff class

3    according to the parties' Stipulation Regarding Furnishing Notice of the Proposed Settlement to

4    Plaintiff Class.  Notice shall be posted and distributed by ___May 9, 2006___.

5         2.      Class members wishing to object to or comment on the terms of the Stipulation ~~and~~

6    ~~[Proposed] Order~~ must do so in writing by no later than ___July 14,__ 2006

7         3.      The parties are permitted to file replies (separately or jointly) to any objections or

8    comments received pursuant to the above paragraph.  Such replies must be filed no later than

9    __August 4_, 2006.

10        4.      The Court will conduct a final fairness hearing on ___August 18, 2006 at 9:00 a.m.___ in Courtroom 2, 17th

11   Floor, 450 Golden Gate Avenue, San Francisco, California, to consider whether to give the

12   settlement final approval.

13

14        **IT IS SO ORDERED.**

15

16   Dated: ___May 1, 2006_____

17

18

19   _____
     JEFFREY S. WHITE
20   United States District Judge

21

22

23

24

25

26

27

28