IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS PEREZ, et al.<br><br>    Plaintiffs,<br><br>v.<br><br>JAMES TILTON, et al.,<br><br>    Defendants.<br>_____/ | No. C 05-05241 JSW<br><br>**NOTICE OF TENTATIVE RULING AND QUESTIONS FOR HEARING** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING TENTATIVE RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON AUGUST 18, 2006, AT 9:00 A.M.:

    The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings.  If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing.  If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing.  *See* N.D. Civil Local Rule 7-3(d).  The parties will be given the opportunity at oral argument to explain their reliance on such authority.

    The Court **tentatively GRANTS** the motion to approve the settlement.  As a preliminary matter, the Court appreciates Defendants' compilation of the responses from class members.  However, it appears that the Court has received responses that were not

included in Defendants' exhibit B. The parties are requested to arrive at 8:30 a.m., and the Court will make those responses available to the parties. If the parties believe they need additional time to respond, the Court will consider adjourning the hearing and allowing further briefing

The parties each shall have fifteen (15) minutes to address the following questions:

1. Defendants' Exhibit B addresses certain responses from class members that were received after the deadline for such submissions, and the Court has continued to receive submissions from class members.
   a. When was the last time the parties reviewed the Court file for submissions?
   b. Do the parties object to the Court considering untimely responses in ruling on the motion?
2. Did the parties respective experts review the submissions from class members, such that the experts' opinions are necessarily included in the parties' briefs in support of approval of the settlement?
3. Plaintiffs note that certain submissions do raise "legitimate questions about dental policies, meaning that they pointed out matters which either are not, or may not, be adequately addressed in the policy as it presently exists," but argue that this should not preclude approval because the policy provides that changes may be made. What is Plaintiffs' best argument that these "legitimate questions" are not so material that they should preclude the Court from concluding that the settlement is fair, reasonable and adequate?
4. Plaintiffs note that comments came from 29 of 32 CDCR facilities. Is there any dispute about whether the other three facilities received proper notice?
5. Has class counsel followed up with class members who had questions about what to do under the settlement, or expressed an interest in filing claims for monetary damages? If not, do they plan to do so?

1  6. Are there any other issues the parties wish to address?

Dated: August 16, 2006

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE