**United States District Court**

For the Northern District of California

1

2

3

4

5

6                          IN THE UNITED STATES DISTRICT COURT

7

8                       FOR THE NORTHERN DISTRICT OF CALIFORNIA

9    CARLOS PEREZ, et al.

10            Plaintiffs,                        No. C 05-05241 JSW

11       v.                                      **ORDER GRANTING MOTION
                                                 FOR FINAL APPROVAL OF**
12   JAMES TILTON, et al.,                       **SETTLEMENT**

13            Defendants.

14                                              /

15                                **INTRODUCTION**

16         This matter comes before the Court upon consideration of the parties' motion to approve

17   the Amended Stipulation settling this matter.  Having considered the parties' memoranda in

18   support of the motion, responses from class members, relevant legal authority, and the record in

19   this case, the Court finds good cause to GRANT the motion and finally approve the settlement

20   agreement.

21                                 **BACKGROUND**

22         On December 19, 2005, Plaintiff Carlos Perez ("Perez") filed this civil rights action

23   seeking injunctive relief on behalf of himself and a putative class of prisoners who are now, or

24   will be in the future, in the custody of the California Department of Corrections and

25   Rehabilitation ("CDCR").  The instant litigation stems from *Plata v. Schwarzenegger*, C-01-

26   1351 TEH, which is a class action brought on behalf California state prisoners challenging the

27   medical care provided by the CDCR.  (Declaration of Donald Specter in Support of Plaintiffs'

28   Reply to Class Members Responses ("Specter Decl."), ¶ 8.)

**United States District Court**

For the Northern District of California

1    The Plaintiff class in this case is represented by Donald Specter and Alison Hardy of the

2  Prison Law Office.  By their complaint, Plaintiffs seek to correct what they contend are

3  unconstitutional conditions with respect to dental care provided by the CDCR.  According to the

4  record in this case, the parties began attempting to resolve this matter in August 2004.  (Specter

5  Decl., ¶ 11.)  Eventually, the parties reached a proposed settlement and when Plaintiffs filed the

6  instant complaint, the parties also filed a proposed stipulation settling the matter.  (Docket No.

7  4.)

8    On April 7, 2006, the Court held a preliminary approval hearing.  Following that

9  hearing, the parties submitted an Amended Stipulation regarding the settlement.[1]  (Docket No.

10  25.)  On May 1, 2006, the Court issued an Order granting the motion to certify the class for

11  purposes of settlement and for the remedial phase of this litigation.  (Docket No. 32.)  On that

12  same date, the Court issued an Order granting the motion for preliminary approval of the

13  proposed settlement ("Preliminary Approval Order").  (Docket No. 33.)  The terms of the

14  Preliminary Approval Order required that the parties provide notice to the class by May 9, 2006,

15  and required that class members submit any proposed objections, comments or requests to be

16  excluded from the class by July 14, 2006.

17    On August 4, 2006, the parties submitted their briefs in support of final approval, which

18  address comments received from class members.  Defendants have submitted copies of most of

19  those comments with their brief.  (Docket No. 61.)  However, the Court's independent review of

20  the responses received showed that Defendants' compilation of the responses was not complete.

21  In addition, the Court has continued to receive comments from class members.  Accordingly, the

22  Court provided both parties with the opportunity to review responses that were not included

23  with their submissions and responses received after they filed their memoranda in support of

24  final approval.  The parties addressed these comments before the hearing, and advised the Court

25  that the responses did not alter their opinions that the settlement is fair, reasonable and adequate.

26    The Court held the fairness hearing on August 18, 2006, with respect to the parties'

27

28    [1]    The original Stipulation was amended largely to correct typographical errors
noted by the Court.

2

**United States District Court**

For the Northern District of California

1   motions to finally approve the agreement.  Although not set forth on the record, no class

2   members appeared at the hearing either in support of or in opposition to the proposed

3   settlement, and the Court did not receive any requests from class members to permit them to be

4   present.  Although Defendants objected to the Court considering untimely responses, because

5   those responses would not affect the Court's decision, Defendants' objection is overruled, and

6   the Court has considered all responses to the settlement received in advance of the fairness

7   hearing.

8                                                 **ANALYSIS**

9   **A.      Legal Standards.**

10          Federal Rule of Civil Procedure 23(e) provides:

11              A class action shall not be dismissed or compromised without the
                approval of the court, and notice of the proposed dismissal or
12              compromise shall be given in all members of the class in a manner as the
                court directs.

13

14          This rule also requires a court "to determine whether a proposed settlement is

15   fundamentally fair, adequate, and reasonable," and a court must consider the settlement in its

16   entirety rather than considering only its component parts.  *Hanlon v. Chrysler Corp.*, 150 F.3d

17   1011, 1026 (9th Cir. 1998) (citing *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th

18   Cir. 1992) and *Officers for Justice v. Civil Serv. Comm'n of San Francisco*, 688 F.2d 615, 628

19   (9th Cir. 1982)).  Thus, "[t]he settlement must stand or fall in its entirety." *Id.* (citing *Officers*

20   *for Justice*, 688 F.2d at 630).

21          In order to determine whether a proposed settlement is fair, adequate, and reasonable, a

22   court must balance various factors, including:

23              the strength of the plaintiffs' case; the risk expense, complexity, and
                likely duration of further litigation; the risk of maintaining class action
24              status throughout the trial; the amount offered in settlement; the extent of
                discovery completed and the stage of the proceedings; the experience and
25              views of counsel; the presence of a governmental participant; and the
                reaction of the class members to the proposed settlement.

26

27   *Id.* (citing *Torrisi v. Tuscon Elec. Power Co.*, 8 F.2d 1370, 1375 (9th Cir. 1993), in turn quoting

28   *Officers for Justice*, 688 F.2d at 625).

**United States District Court**

For the Northern District of California

1    Where, as here, the parties reach a settlement before a class is certified, "a more probing

2  inquiry" into whether a proposed settlement is fair, adequate, and reasonable is required. *Id.*

3  Ultimately, "the decision to approve or reject a settlement is committed to the sound discretion

4  of the trial judge." *Id.*

5  **B.      The Parties Have Met Their Burden to Establish that the Settlement is Fair, Reasonable and Adequate.**

6

7    The Court finds as a preliminary matter that the plaintiff class received adequate notice

8  of the proposed Amended Stipulation.  The class received notice from May 9, 2006 to July 14,

9  2006.  Notice was posted in the housing units, and copies were distributed to inmates on lock

10  down, in security housing units, in orientation units, and in infirmaries.  Notice was also

11  furnished for inmates with disabilities.  The notice contained a summary of the proposed dental

12  improvements to assist inmates.  Copies of the proposed Amended Stipulation and the policies

13  and procedures were available to inmates in the law libraries.

14    Further, class counsel, Mr. Specter and Ms. Hardy, have devoted the majority of their

15  legal careers to the representation of state prisoners, including representing prisoners in class

16  actions similar to this one. (*See* Specter Decl., ¶¶ 2-6; Declaration of Alison Hardy ("Hardy

17  Decl."), ¶¶ 2-8.)  Both Mr. Specter and Ms. Hardy attest that, based on their experience and

18  based on the consultation with their experts during the negotiations leading up to the settlement,

19  the settlement proposed in this action is fair, reasonable, and adequate. (Specter Decl., ¶¶ 8-20;

20  Hardy Decl., ¶¶ 10-11.)

21    In addition, the Court independently reviewed the Amended Stipulation and the policies

22  and procedures developed as a result of the parties' arms-length negotiations.  The Court also

23  has independently reviewed and considered the comments received from class members, as well

24  as Plaintiffs' and Defendants' reply to the comments submitted by those class members.[2]  Most

25  class members' comments concerned specific aspects of the dental policies, which the parties

26  adequately responded to by: (1) referencing certain policies and procedures that address

27

28    [2]      A large number of the class members submitted comments recounting their own experiences with dental care provided by the CDCR.  These comments serve to reinforce the Court's conclusion that the settlement is fair, reasonable and adequate.

4

United States District Court

For the Northern District of California

1   particular concerns raised by the comments; (2) explaining that the stipulation provides for

2   modification of those policies if necessary to provide for constitutionally adequate care; and (3)

3   showing that the policies and procedures as written provide for a dental care delivery system

4   designed to minimize the risk of harm to inmates.  The Court further notes that many of the

5   responses from class members express skepticism with Defendants' willingness to comply with

6   the settlement.  The Court intends to require the parties to submit regular joint status reports

7   regarding compliance with the deadlines required under the agreement and will conduct regular

8   status hearings in the matter.  Further, the Court will not hesitate to intervene in the event it

9   appears either that Defendants are not complying with the terms of the settlement or that class

10  counsel is not being diligent in bringing violations of the settlement to the Court's attention in a

11  timely fashion.

12       Other comments from class members objected to the phase-in or roll-out period provided

13  for in the Amended Stipulation, claiming the changes should be made immediately.  However,

14  the Court must consider the settlement in its entirety, and the Court concludes that the roll-out

15  provision is not unfair because: (1) certain improvements must be made at all prisons starting

16  immediately; (2) Court-ordered relief of the kind required by the Amended Stipulation would

17  not have been possible until after a trial and decision, a process that likely would have been

18  resolved for several years and would have required Plaintiffs to risk an adverse decision at trial

19  or on appeal; and (3) the size and scope of the improvements do not make simultaneous

20  implementation feasible.

21       After considering the evidence and the settlement as a whole, and considering that

22  evidence in conjunction with the factors outlined in *Hanlon*,150 F.3d at 1126, and keeping in

23  mind the heightened scrutiny that is required, the Court concludes the settlement is fair,

24  reasonable, and adequate.  The Amended Stipulation requires systemic improvements in the

25  delivery of dental care, and provides for monitoring by the CDCR, Plaintiffs and independent

26  court experts.  Further, the Court retains jurisdiction to enforce the settlement terms, and, the

27  Court will take all steps necessary to do so.

28

**United States District Court**

For the Northern District of California

1    The Court further finds that the Amended Stipulation meets the requirements of 18

2    U.S.C. § 3626(a)(1) because the relief narrowly drawn, extends no further than necessary

3    to correct the violation of a Federal right, and is the least intrusive means necessary to correct

4    the violation of the Federal right.  Accordingly, the Court hereby adopts the Amended

5    Stipulation as the Order of this Court.

6    The parties are directed to meet and confer regarding: (1) the contents of a notice to the

7    Plaintiff class regarding approval of the settlement, and the timing and manner by which such

8    notice will be provided; and (2) the content and filing of a proposed order providing for the

9    establishment of an escrow account to be administered by the Court for the purpose of paying

10   the independent Court experts.

11   **IT IS SO ORDERED.**

12   Dated: August 21, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28