1  BILL LOCKYER
   Attorney General of the State of California
2  JAMES M. HUMES
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  ROCHELLE C. EAST
   Supervising Deputy Attorney General
5  455 Golden Gate Avenue, Suite 11000
   San Francisco, CA 94102-7004
6  Telephone: (415) 703-5711
   Facsimile: (415) 703-5843
7
   HANSON BRIDGETT MARCUS VLAHOS &
8  RUDY, LLP
   JERROLD C. SCHAEFER
9  PAUL B. MELLO
   ALISON P. SANDMAN
10 425 Market Street, 26th Floor
   San Francisco, CA 94105
11 Telephone: (415) 777-3200
   Facsimile: (415) 541-9366
12
   Attorneys for Defendants Tilton, et al.
13
   PRISON LAW OFFICE
14 DONALD SPECTER, State Bar No. 83925
   ALISON HARDY, State Bar No. 135966
15 General Delivery
   San Quentin, CA 94964
16
   Attorneys for Plaintiffs
17

18              IN THE UNITED STATES DISTRICT COURT

19             FOR THE NORTHERN DISTRICT OF CALIFORNIA

20
   | CARLOS PEREZ, et al., | CASE NO. C-05-5241 JSW |
   |---|---|
   | Plaintiffs, | **AMENDED STIPULATION AND [PROPOSED] ORDER** |
   | v. | |
   | JAMES TILTON, Acting Secretary, California Department of Corrections and Rehabilitation, PETER FARBER-SZEKRENYI, Chief, Health Care Services Division, WILLIAM KUYKENDALL, Chief Dentist, Adult Operations and Adult Programs, | [Notice: E-filed without Exhibit, ~~and Manually filed with Exhibits~~] |
   | Defendants. | |

Amended Stipulation and ~~[Proposed]~~ Order, *Perez v. Tilton, C-05-5241 JSW*

1

# INTRODUCTION

1.  The parties enter into this stipulation to address dental care provided by the California Department of Corrections and Rehabilitation (CDCR).  The Plaintiffs are California state prisoners who have serious dental care needs.  The Defendants are the Secretary of the California Department of Corrections and Rehabilitation, the Chief Dentist of the Adult Operations and Adult Programs, and the Chief of the Correctional Health Care Services Division, who are sued in their official capacities as state officials responsible for the operation of CDCR and its dental care delivery system.

2.  This action was filed by Plaintiffs on December 19, 2005.  The action alleges that Plaintiffs are not receiving constitutionally adequate dental care as required by the Eighth Amendment to the U.S. Constitution.

3.  The parties have conducted informal negotiations since August 2004, in an effort to resolve Plaintiffs' demand that dental care services be improved.  Those negotiations have been undertaken at arm's length and in good faith between Plaintiffs' counsel and high ranking state officials and their counsel.  The parties have reached agreement on procedures that the parties will follow in this case for resolving disputes concerning the constitutional adequacy of dental care services.  The parties freely, voluntarily, and knowingly with the advice of counsel enter into this Stipulation for that purpose.

WHEREAS, a dispute exists between the parties as to the extent to which CDCR's provision of inmate dental care meets constitutionally mandated standards;

WHEREAS, this dispute arose over the course of the last four years, and culminated in Plaintiffs filing this statewide dental class-action lawsuit; and

WHEREAS, this Stipulation is intended to be narrowly drawn to meet applicable standards.

**A.   PARTIES.**

4.  Plaintiff Carlos Perez is a prisoner incarcerated at Salinas Valley State Prison at Soledad, California.

5.   Defendant James Tilton is the acting Secretary of the California Department of Corrections and Rehabilitation.  The Department of Corrections and Rehabilitation oversees the Adult Operations and Adult Programs Department (AOAP).

6.   Defendant Peter Farber-Szekrenyi is the Chief of the Correctional Health Care Services Division of the AOAP.  As Chief, Dr. Farber-Szekrenyi is responsible for supervising the provision of dental care for all prisoners in CDCR's custody.

7.   Defendant William Kuykendall, D.D.S., is the Chief Dentist for the AOAP.  As Chief Dentist, Dr. Kuykendall is responsible for the provision of dental care for all prisoners in CDCR's custody.

**B.   JURISDICTION.**

8.   The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343.

**C.   VENUE.**

9.   Venue is proper under 28 U.S.C. § 1391(b), because a substantial part of the events giving rise to Plaintiffs' claims occurred within the Northern District of California.

**D.   CLASS CERTIFICATION.**

10.   The parties agree that this action shall be maintained as a class action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure and that the class consists of all California state prisoners in the custody of CDCR who have serious dental care needs.

**E.   TERMS AND CONDITIONS.**

11.   CDCR shall implement the Health Care Services Division Dental Policies and Procedures (Policies and Procedures), which are attached to this Stipulation as Exhibit A, according to the Implementation Plan, which is attached to this Stipulation as Exhibit B.*  Defendants shall make all reasonable efforts to secure the funding necessary to implement the Policies and Procedures.  The Policies and Procedures are designed to meet at least the minimum level of dental care necessary to fulfill Defendants' obligations under the Eighth Amendment of the U.S. Constitution.  The Implementation Plan is designed to implement the Policies and Procedures in an efficient manner.  It is the intent of this Stipulation to require Defendants to provide only the minimum level of dental care required under the Eighth

---

* The Exhibits to the Amended Stipulation are voluminous and can be found in the Court record manually filed at Docket No. 26.  The parties are ORDERED to attach them to this Order for service and publication purposes.

Amendment. Nothing in this Stipulation shall be construed to require more of the Defendants than is necessary under the Eighth Amendment. Disputes whether Defendants' Policies and Procedures satisfy their obligations under the Eighth Amendment shall be resolved using the dispute resolution procedures in ¶¶ 36-38.

12. CDCR shall develop policies and procedures, make all reasonable efforts to secure necessary funding, complete necessary construction, hire and train necessary dental personnel, and audit compliance with the Policies and Procedures according to the Implementation Plan. The parties agree that the policies and procedures attached at Exhibit A fulfill Defendants' obligation to develop policies and procedures. Implementation of the Policies and Procedures at each Reception Center and Mainline shall be accomplished according to the schedule in the Implementation Plan. For the purposes of this Stipulation and its exhibits, "Mainline" refers to all prison programs except Reception Center programs. The Implementation Plan may be modified according to ¶¶ 34-35. Following is the Implementation Plan's schedule:

| Date | Facilities |
|---|---|
| 7/1/06 - 12/31/08: | Avenal State Prison, Calipatria State Prison, Centinela State Prison, Chuckawalla Valley State Prison, California State Prison - Corcoran, Folsom State Prison, Ironwood State Prison, California State Prison - Los Angeles County, Mule Creek State Prison, North Kern State Prison - II (Delano II), Pleasant Valley State Prison, California State Prison - Sacramento, Substance Abuse Treatment Facility, and Salinas Valley State Prison. |
| 7/1/07 - 12/31/09: | California Correctional Center, California Men's Colony, California Medical Facility, Correctional Training Facility, Pelican Bay State Prison, Sierra Conservation Center, and California State Prison - Solano. |
| 7/1/08 - 12/31/10: | The Mainline facilities of California Rehabilitation Center, California Correctional Institution, Central California Women's Facility, California Institution for Men, California Institution Women, Deuel Vocational Institution, High Desert State Prison, North Kern State Prison, Richard J. Donovan Correctional Facility, San Quentin State Prison, Valley State Prison for Women, and California State Prison - Wasco. |
| 7/1/09 – 12/31/11: | The RC facilities of California Rehabilitation Center, California Correctional Institution, Central California Women's Facility, California Institution for Men, California Institution for Women, Deuel Vocational Institution, High Desert State Prison, North Kern State Prison, Richard J. Donovan Correctional Facility, San Quentin State Prison, |

Valley State Prison for Women, and California State Prison - Wasco.

13. By June 30, 2006, CDCR shall complete a state-wide study to determine staffing needs related to the Implementation Plan and Policies and Procedures. The results of this study shall be given to Plaintiffs within 10 days of completion of the study. Failure to complete a state-wide staffing-needs study by June 30, 2006, shall not delay implementation of the Policies and Procedures according to the schedule set out in the Implementation Plan.

14. Based on the staffing-needs study referred to in ¶ 13, CDCR shall hire sufficient staff to fulfill its obligations under this Stipulation.

15. Defendants shall immediately implement the following practices or procedures at each institution (Mainline and Reception Centers):

    a. Dental emergency care shall be available 24 hours per day, seven days per week. "Dental emergency care" is defined as care that is designed to prevent death, alleviate severe pain, prevent permanent disability and dysfunction, or prevent significant medical or dental complications.

    b. It is anticipated that most dental emergencies will be handled by physicians. A dental emergency shall be treated in the following manner: Consistent with most medical emergencies, the physician may send the inmate to a local hospital for treatment. Should the physician determine that a dentist is required, the physician will call the chief dentist (or the chief dentist's back-up) for advice. If the chief dentist or the back-up determines that the inmate needs treatment by a dentist, the chief dentist or the back-up will go to the prison to provide that treatment. These procedures are consistent with the dental emergency procedures found in the Implementation Plan.

    c. Inmates will have access to fluoridated toothpaste or toothpowder and floss or interdental cleaners.

16. By March 1, 2007, defendants shall complete implementation of the following practices or procedures at every institution (Mainline and Reception Centers):

       a.    Computerized tracking of requests for dental treatment. Tracking will include dates requests are made, dates inmates are scheduled to be examined by dental personnel, dates inmates are actually examined by dental personnel, and documentation of cancellation or failure to appear for dental treatment or examination.

       b.    Examinations, dental treatment plans, and dental treatment shall be conducted according to the Implementation Plan and the Policies and Procedures for inmates who have dental appointments. Before the "roll-out" year (the year the prison at which the inmate is housed implements the Policies and Procedures), inmates shall receive dental treatment that is medically necessary as determined by the treating dentist.

       c.    Each mainline inmate shall receive an orientation handbook describing dental self-care education set out in the Implementation Plan and Policies and Procedures by March 31, 2006. After April 1, 2006, each inmate who arrives at a CDCR institution shall receive this orientation handbook within 14 working days of initial arrival on the mainline. A change from one mainline yard to another yard, whether at the same or a different prison, does not necessitate distribution of another handbook.

       d.    All inmates who are given a dental screening at the Reception Center or an examination while on the mainline shall have their dental care needs classified according to the priority classification system set out in the Policies and Procedures.

17.    The parties understand and agree that the inmate grievance procedure (CDCR Form 602) is an important step in the provision of essential dental care. Accordingly, the parties agree that all complaints regarding dental care provided to an individual inmate, except those requiring emergency care or those classified as priority 1A[1], shall be submitted to

---

[1] Priority 1A is defined in the Policies and Procedures as "Inmates requiring treatment for an acute oral or maxillo-facial condition, which is likely to remain acute, worsen, or become life-threatening without immediate intervention."

Amended Stipulation and [~~Proposed~~] Order     6

Defendants after using the inmate grievance procedure. Once the appeal has received the director's level of review and all administrative relief has been exhausted, should the individual inmate contend that the grievance procedure failed to adequately address the dental problem, Plaintiffs' counsel may bring the dental care concern to the attention of appropriate headquarters staff, who shall respond in writing within 30 days.

18. For individual inmates who require emergency dental care or whose dental condition is classified as priority 1A, Plaintiffs' counsel may bring the concern to the attention of headquarters staff before the inmate has exhausted the grievance procedure.

**F.    ACCESS TO INFORMATION**.

19. Subject to the limitations set forth in this Stipulation, Plaintiffs' counsel and the Court's experts shall have reasonable access to the institutions, staff, inmates and documents necessary to properly evaluate the adequacy of the dental care delivery system and the proposed remedies, including the Implementation Plan, the Policies and Procedures, and the Audit Instrument. The parties shall cooperate so that Plaintiffs' counsel and the Court's experts have access to information reasonably necessary to perform their responsibilities required by this Stipulation without unduly burdening Defendants.

20. Plaintiffs' counsel and Defendants shall negotiate a document production order by February 28, 2006 that shall provide to Plaintiffs' counsel information from CDCR's headquarters and from individual institutions about the dental services available to members of the plaintiff class, the adequacy of Defendants' remedial measures, and Defendants' compliance with this Stipulation. Defendants' and Plaintiffs' counsel shall meet monthly to discuss implementation of remedial measures and access to information.

21. CDCR shall provide information including, but not limited to, the following materials, subject to a protective order agreed to by the parties:

    a.    The dental care records in the medical files of members of the plaintiff class as reasonably necessary;

    b.    Internal audits of the dental services provided to members of the plaintiff class conducted according to this Stipulation;

Amended Stipulation and [Proposed] Order         7

  c. Non-privileged documents relating to money budgeted for providing dental care to prisoners. No documents reflecting the budget for any particular upcoming budget year shall be provided until after the release of the Governor's Budget. This is not intended to prohibit sharing policy and planning documents, at the discretion of the Defendants.

  d. Documents maintained at individual institutions pursuant to this Stipulation. Those documents may include:

   (1) Audits of dental care required by this Stipulation.

   (2) Dental staff vacancy reports.

   (3) Dental staff training statistics.

   (4) Records reflecting scheduling and tracking of dental appointments.

   (5) Dental related inmate appeals (602's) and responses.

  e. Plaintiffs' counsel shall not have access to any personnel files.

  f. Plaintiffs' counsel shall not be given peer review documents.

  g. Plaintiffs' counsel shall be given CDCR training documents related to implementation of this Stipulation for the first year that any such training is offered on any dental topic. The training documents will be given to Plaintiffs' counsel once the documents are ready for use or training.

22. Plaintiffs may retain one dental consultant at a time, whose fees and expenses shall be paid by Defendants. Plaintiffs' counsel and their dental consultant shall be able to tour dental clinics and facilities during tours conducted pursuant to *Plata v. Schwarzenegger* (U.S. District Court, Northern District of California, case number C-01-1351 TEH). Plaintiffs' counsel shall advise Defendants when their dental consultant will accompany them on a prison tour, before that tour begins. *Plata* tours shall be lengthened as necessary to accommodate Plaintiffs' additional tour duties. In addition, Plaintiffs may schedule two tours per year at each prison that plaintiffs are not touring under *Plata*.

23. Tours by Plaintiffs' counsel shall include reasonable access to housing units and

all facilities where dental services are provided.  Defendants shall make reasonable efforts to make available for interview departmental, custodial, clinical, and program staff that have direct or indirect responsibility for providing dental services to class members.  Defendants shall direct institution staff to reasonably cooperate with Plaintiffs' counsel.  Plaintiffs' counsel shall be permitted brief discussions with plaintiff-class inmates about their dental care needs during the tours, and shall be able to give business cards with their name and address to plaintiff class inmates.  Defendants will continuously post notices informing all inmates at each institution that complaints regarding the provision of dental care may be sent to counsel for the plaintiff class in this case.  Defendants shall provide Plaintiffs' counsel reasonable access to confidential interviews with members of the plaintiff class before or after the tours, during regular business hours, without regard to regular visiting hours and days.  Upon a request by Plaintiffs' counsel at least one week prior to the tour, Defendants shall make available for inspection and/or copying the dental records contained in the medical files of specified plaintiff-class inmates.

24.     If any party fails to make himself or herself, an employee, or an agent reasonably available for interview and the parties agree, the other party may depose the party, employee, or agent who has not been made available.  If the parties are unable to agree, the Court may order such deposition of the party, employee, or agent if the deposition is reasonably necessary to the conduct of the litigation.

25.     Plaintiffs' counsel and the Court's experts will cease tours at a particular institution after that institution has been found to be in substantial compliance as set forth in ¶¶ 29-33.  Tours may resume at a particular institution if the parties agree that, or the Court finds that, there has not been substantial compliance by Defendants, provided that such resumed tours shall be limited to the issue or components found not to be in substantial compliance.   Non-compliance may be corrected by substantial compliance with the existing Policies and Procedures, or by modifying the Policies and Procedures and Audit Instrument pursuant to ¶¶ 34-35 and complying with the Policies and Procedures as modified.  Any disputes about whether an institution is in substantial compliance shall be resolved using the procedures in ¶¶ 36-38.

//

**G.     INDEPENDENT COURT EXPERTS.**

26.     The parties request that the Court appoint two experts under Rule 706 of the Federal Rules of Evidence, to advise the Court on Defendants' compliance with the Implementation Plan and Policies and Procedures. The parties propose that Exhibit C be adopted as the experts' duties, according to Rule 706(a). The experts shall be entitled to reasonable compensation in an amount approved by the Court and the costs for each expert shall be borne by Defendants. The parties will meet and confer in an attempt to recommend two mutually agreeable experts to the Court within 60 days after this Stipulation is signed by the Court. If the parties cannot agree upon the experts, they shall so advise the Court and each party shall submit a list of four candidates. The Court shall appoint the experts from the list of candidates.

27.     In the event that either of the Court-appointed experts can no longer serve, the parties shall attempt to agree on a replacement within 30 days. In the event the parties cannot agree, they shall nominate experts in accordance with Rule 706 of the Federal Rules of Evidence. The parties understand and agree that the Court may appoint a mutually agreeable third expert in the future. In the event that the parties are unable to agree on a third expert, the Court may appoint a third expert in accordance with Rule 706 of the Federal Rules of Evidence. The parties also understand that the Court has the right to appoint a special master in the event the Court deems it necessary.

28.     With reasonable notice and subject to the limitations in this Stipulation, the court experts shall have reasonable access to all parts of any institution, all relevant documents, all individuals (including interviews with staff or inmates), dental meetings, dental proceedings, and dental programs to the extent that such access is reasonably needed to fulfill their obligations. If both parties agree, the court experts may hire additional support staff, at Defendants' expense, to assist them in performing their duties. If both parties cannot agree, the Court may authorize hiring additional personnel upon a showing by the court experts that such additional personnel are reasonably necessary to the performance of their duties.

**H.     COMPLIANCE.**

29.     Defendants shall conduct audits in accordance with the Implementation Plan.

30. Compliance with the Policies and Procedures shall be audited using an Audit Instrument. This Audit Instrument will be developed by CDCR in consultation with Plaintiffs' counsel and the court experts by December 1, 2006. No later than March 15, 2007, the parties and the court experts shall meet and confer about whether the Audit Instrument needs to be modified. If the parties agree, the instrument shall be modified. If the parties do not agree, the Court shall decide whether the proposed modifications shall be adopted, after consulting with the parties and the court experts. No later than June 30, 2007, the court experts, in cooperation with the parties, shall determine the necessary passing score that Defendants must achieve in order to demonstrate successful implementation of the Policies and Procedures. Any disputes about the need for modification or the necessary passing score shall be resolved according to ¶¶ 36-38 of this Stipulation.

31. The audits shall be conducted as follows:

    a. The court experts shall agree on a statistically appropriate number of inmate dental records that must be audited to assess compliance.

    b. CDCR auditors will review that number of inmate dental records to determine whether an institution is in substantial compliance with the Policies and Procedures.

    c. Once CDCR auditors determine that an institution is in substantial compliance, the court experts will conduct another audit at the institution within 30 days, using the same number of records.

    d. Choice of Records:

        (1) Mainline Dental Care: The records shall be randomly selected from a pool of inmates who have received a dental examination and/or dental treatment during the previous six months at the mainline dental clinic.

        (2) Reception Center Dental Screening and Care: The records shall be randomly selected.

    e. If, during audits conducted by the court experts, Defendants disagree with

the appropriateness of an expert's answer to any question in the audit instrument relating to the quality of dental care, the question shall be reviewed by both court experts and shall count against compliance only if both experts agree.

32. Standards for Monitoring Compliance: In evaluating and reporting on implementation and compliance with the Policies and Procedures, the Defendants and the court experts shall use the Audit Instrument. The Audit Instrument shall set out the compliance indicators for four practice areas for Reception Centers, and ten practice areas for Mainline, as follows:

    a. Reception Center:

        (1) Dental screening of newly committed inmates within 60 days of arrival at Reception Center;

        (2) Consistency and completeness of screening form;

        (3) Provision of emergency dental care within 24 hours of notification of emergency;

        (4) Adequate provision of emergency care.

    b. Mainline:

        (1) Provision of dental self-care handbook to newly arrived inmates within 14 working days of arrival at mainline;

        (2) Dental examinations within 90 calendar days of inmate's arrival at mainline;

        (3) Subsequent examinations or treatment as required by the dental treatment plan;

        (4) Consistency and completeness of examinations;

        (5) Completion or update of dental treatment plan with each examination;

        (6) Consistency and completeness of dental treatment plan;

        (7) Scheduling inmates within three working days of their filing a

Dental Request for Treatment;

(8) Visit with dentist within 35 calendar days of scheduling based on DRT;

(9) Provision of treatment: within 24 hours (emergency or priority 1A); within 30 calendar days (priority 1B); within 60 calendar days (priority 1C); within 120 calendar days (priority 2); within one calendar year (priority 3);

(10) Adequacy of examinations, treatment plans, and treatment.

33. A prison is in substantial compliance when all of the following conditions are satisfied:

a. It receives a passing score on the audit of the implementation of the Policies and Procedures which shall be conducted by the court experts using the Audit Instrument.

b. In determining substantial compliance, Defendants and court experts will ascertain whether screenings, examinations, treatment plans, and treatment provided to inmates comply with the Policies and Procedures. The dental screenings, examinations, treatment plans, and treatment provided to the inmates shall be in substantial compliance when one of the following conditions are met:

(1) The screening, examination, treatment plan, or treatment is consistent with guidelines in the Policies and Procedures; or

(2) The practitioner documents in the dental notes that he/she is deviating from adopted policies and procedures and that such deviation is consistent with the community standard; or

(3) Where no treatment guidelines are specifically adopted in the Policies and Procedures, the assessment or plan is consistent with the community standard.

(4) "Community standard" is defined as the standard of care required by the National Commission on Correctional Healthcare or the

American Correctional Association.

  (5) In those instances in which a court expert finds that a screening, examination, treatment plan, or treatment does not comply with community standards, Defendants may request that the question be reviewed by both court experts, and shall count against compliance only if both experts agree.

 c. The prison is conducting quality management proceedings in conformance with the Health Care Services Division's Quality Management Committee's standards.

 d. The prison is conducting adequate dental peer review.

 e. The prison has tracking, scheduling, and medication administration systems in place.

 f. The two court experts agree that no pattern or practice of dental care falls below constitutionally mandated standards that is not being addressed by CDCR.

## I. MODIFICATION.

34. Defendants may modify the Policies and Procedures or the Audit Instrument at any time, provided that as modified the Policies and Procedures and the Audit Instrument will meet the minimum level of care necessary to fulfill Defendants' obligation to Plaintiffs under the Eighth Amendment. Defendants will provide Plaintiffs' attorneys with a copy of the original Policies and Procedures or the Audit Instrument, the modified version, and a strikeout version with the changes 30 days before implementation. In an emergency or when such delay will adversely affect the provision of dental care, copies will be provided as quickly as possible, but no later than the date the new policy is implemented. Plaintiffs shall have 30 days from the time they receive the changes to meet and confer with Defendants. Plaintiffs shall file objections, if any, through a regularly noticed motion within 90 days from the end of the meet and confer process.

35. Plaintiffs may also seek to modify the Policies and Procedures and the Audit Instrument at any time to secure a constitutionally mandated level of dental care for Plaintiffs. Plaintiffs will provide Defendants with a copy of the original Policies and Procedures or the

Audit Instrument, the modified version, and a strikeout version with proposed changes. Defendants shall have 30 days from the time they receive the proposed changes to meet and confer with Plaintiffs' counsel. Any disputes shall be resolved using the dispute resolution provisions set forth in ¶¶ 36-38.

### J. DISPUTE RESOLUTION.

36. If Plaintiffs contend that the Implementation Plan, Policies and Procedures, and Audit Instrument, as written or as modified, or any component thereof will not provide for the minimum level of dental care necessary to fulfill Defendants' obligations to Plaintiffs under the Eighth Amendment, Plaintiffs shall provide Defendants with a brief description of the perceived deficiencies and a request that the parties enter into negotiations to resolve the question as to whether Defendants' Policies and Procedures and Audit Instrument satisfy the minimum requirements of the Eighth Amendment. Upon receipt of Plaintiffs' request for negotiations, any party may inform the Court's experts of the area of disagreement and request that the experts evaluate the issue and prepare a report. Defendants will respond to Plaintiffs' concerns no later than 30 days after they receive Plaintiffs' concerns.

37. If the parties are unable to resolve the dispute informally, the parties shall conduct negotiations on the issue in dispute. Such negotiations may include the Court's experts, and a person satisfactory to the parties may at the election of either party, mediate any unresolved issues. If the parties cannot agree on a mediator, the administrator of a private dispute resolution service, such as JAMS, will choose a mediator. The substance of the mediation and any statements made by a party, an employee of a party, or an agent of a party are confidential and not admissible in any subsequent proceeding. The Experts' reports shall be admissible as evidence at the request of any party in any judicial proceeding in this case.

38. If the process set forth in the preceding paragraph fails to resolve the issue of whether Defendants' Policies and Procedures and Audit Instrument, either as written or as modified, provide for a level of dental care sufficient to meet the minimum requirements of the Eighth Amendment, either party shall have the option of seeking relief from the Court. If the Court determines that Defendants' Policies and Procedures and the Audit Instrument, either as written or as modified, do not provide a level of dental care sufficient to meet the minimum

requirements of the Eighth Amendment, the Court may grant relief as authorized under the Prison Litigation Reform Act (PLRA), 18 U.S.C. § 3626(a).

### K. ENFORCEMENT.

39. The Court shall find that this Stipulation satisfies the requirements of 18 U.S.C. § 3626(a)(1)(A) and shall retain jurisdiction to enforce its terms. The Court shall have the power to enforce the Stipulation through specific performance and all other remedies permitted by law. Neither the fact of this Stipulation nor any statements contained in it may be used in any other case or administrative proceeding, except that Defendants, CDCR, or their employees and agents may use this Stipulation to assert issue preclusion and res judicata in other litigation seeking class or systemic relief. When these legal defenses are raised, Defendants will send copies of the complaints to Plaintiffs' counsel at the Prison Law Office.

40. If Plaintiffs believe that Defendants are not complying with this Stipulation, the Implementation Plan, or the Policies and Procedures, the dispute resolution process in ¶¶ 36-38 shall apply.

### L. TERMINATION.

41. Notwithstanding the PLRA or any other law, Defendants may move to vacate this Stipulation and dismiss the case on the ground that each institution subject to this Stipulation has been found to be in substantial compliance under ¶¶ 29-33. Non-compliance may be corrected by compliance with the existing Implementation Plan and Policies and Procedures or by modifying the Policies and Procedures pursuant to ¶¶ 34-35 and complying with the Policies and Procedures as modified. The parties shall attempt to negotiate any disputes about Defendants' compliance pursuant to ¶¶ 36-38. Either party may invoke the enforcement process set forth in ¶¶ 39-40. The final determination of such a dispute shall rest with the Court.

### M. ATTORNEYS FEES' AND COSTS.

42. Plaintiffs are the prevailing party and may apply for attorneys' fees. Defendants shall pay Plaintiffs' counsel for the work performed in connection with this Stipulation at hourly rates set forth under the PLRA, 42 USC § 1997e(d). Plaintiffs shall have 60 days from the entry of this Stipulation to file their motion for attorneys' fees. The PLRA applies to all applications for attorneys' fees in this case.

//

### N. CONSTRUCTION OF STIPULATION.

43. This Stipulation reflects the entire agreement of the parties and supersedes any prior written or oral agreements between them. No extrinsic evidence whatsoever may be introduced in any judicial proceeding to provide the meaning or construction of this Stipulation. Any modification to the terms of this Stipulation must be in writing and signed by a representative of the Department of Corrections and Rehabilitation and attorneys for the Plaintiffs to be effective or enforceable.

44. This Stipulation shall be governed and construed according to California law. The parties waive any common law or statutory rule of construction that ambiguity should be construed against the drafter of this Stipulation, and agree that the language in all parts of this Stipulation shall in all cases be construed as a whole, according to its fair meaning.

45. This Stipulation shall be valid and binding upon, and faithfully kept, observed, performed and be enforceable by and against the parties, their successors and assigns and the plaintiff class.

46. The obligations governed by this Stipulation are severable. If for any reason a part of this Stipulation is determined to be invalid or unenforceable, such a determination shall not affect the remainder.

47. The waiver by one party of any provision or breach of this Stipulation shall not be deemed a waiver of any other provision or breach of this Stipulation.

**IT IS SO STIPULATED.**

Dated: April 28, 2006                            /s/
                                                  DONALD SPECTER
                                                  Attorney for Plaintiff Class

I, Donald Specter, attest that James Tilton and Frances T. Grunder signed this document on April 28, 2006.

Dated:_____                             /s/
                                                  JAMES TILTON
                                                  Acting Secretary for the Department of Corrections and Rehabilitation

Dated:_____                             /s/
                                                  FRANCES T. GRUNDER
                                                  Senior Assistant Attorney General
                                                  Attorneys for Defendants Tilton, Farber-Szekrenyi, and Kuykendall

Amended Stipulation and [Proposed] Order          17

**IT IS SO ORDERED.**

Dated: August 21, 2006

_____
U.S. District Judge