PRISON LAW OFFICE
DONALD SPECTER #83925
ALISON HARDY #135966
General Delivery
San Quentin, CA 94964
Telephone: (415) 457-9144
Facsimile: (415) 457-9151
Attorneys for Plaintiffs Perez, et al.

BILL LOCKYER
Attorney General of the State of California
JAMES M. HUMES
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
ROCHELLE C. EAST
Supervising Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 703-5711
Facsimile: (415) 703-5843

HANSON BRIDGETT MARCUS VLAHOS
& RUDY, LLP
JERROLD C. SCHAEFER
PAUL B. MELLO
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366

Attorneys for Defendants Tilton, et al.

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS PEREZ, et al., | No. C05-5241 JSW |
| Plaintiffs, | STIPULATION AND [PROPOSED] ORDER RE COURT EXPERTS |
| v. | |
| JAMES TILTON, et al., | |
| Defendants. | |

The parties, by and through their undersigned counsel, hereby stipulate to the appointment of Jay D. Shulman, D.D.S and Joseph D. Scalzo, D.D.S., with their consent, as court experts under Rule 706 of the Federal Rules of Evidence.  The parties further stipulate that compensation for these experts shall be approved by the Court and paid by the California Department of Corrections and Rehabilitation.

Pursuant to Rule 706(a) the experts' duties shall be as follows:

1. At the request of any party or the Court, the experts shall evaluate Defendants' Dental Implementation Plan and their Dental Policies and Procedures, to advise the Court and the parties whether they are sufficient to satisfy Defendants' obligations as set forth in the Stipulation filed concurrently with this Order.

2. At the request of any party or the Court, the experts shall evaluate Defendants' compliance with the Dental Implementation Plan and the Dental Policies and Procedures, to advise the Court and the parties whether Defendants' level of compliance satisfies their obligations as set forth in the Stipulation.

3. At the request of any party or the Court the experts shall evaluate any modifications proposed by Defendants to determine whether those modifications in combination with the Implementation Plan, Dental Policies and Procedures, and the Audit Instrument are sufficient to satisfy Defendants' obligations set forth in the Stipulation.

4. At the request of any party or the Court, the experts shall evaluate any modifications proposed by Plaintiffs to determine whether those modifications are necessary to satisfy Defendants' obligations set forth in the Stipulation.

5. At Defendants' request, the experts shall estimate their projected fees and expenses related to their expert duties under this Order for a specified period of time.  Any such estimation shall not be binding upon the experts, nor may it be used by Defendants to limit the experts in executing their duties under this Order.

6. The parties have the right to discuss with the experts their methodology for evaluating Defendants' compliance with the Implementation Plan and the Dental Policies and

1  Procedures.

2      7.    When Defendants indicate they have conducted an audit using the Audit Tool and found an institution to be in compliance with its Dental Policies and Procedures, the experts shall be available to conduct a separate audit, using the same Audit Tool, within 30 days of notice by Defendants. The experts' written report on their audit shall be transmitted to the parties within 30 days of the experts' audit.

    8.    In fulfilling their duties, the experts shall address systemic deficiencies in CDCR's delivery of dental care. The experts shall review the care provided to individual class members to determine whether systemic deficiencies exist.

    9.    Any evaluations by the experts shall be transmitted to the parties in a written reports. Such reports shall contain the experts' conclusions and shall specify the information upon which any conclusions are based. The experts' reports shall be admissible in any judicial proceeding in this case.

    10.    At the request of any party or the Court, the experts shall attend any negotiations, mediation sessions, or court hearings.

    11.    The experts shall be available to meet with the parties in person or by telephone in a manner that is reasonable and convenient. The experts may communicate with the parties jointly or separately. Information communicated by the experts separately to one party may not be used by that party when that party communicates or files a motion with the Court, unless that party provides the other party with advance notice of the intended disclosure.

    12.    In fulfilling their duties under this order, the experts shall have access to all parts of any institution, all relevant documents, all individuals (including interviews with staff or inmates), dental meetings, dental proceedings, and dental programs to the extent that such access is reasonably needed to fulfill their obligations.

////

////

////

Stipulation and [Proposed] Order re Court Experts
*Perez v. Tilton*, C-05-5241 JSW    3

1  AGREED TO BY THE PARTIES:

2  Date: August 31, 2006                    /s/
                                            Alison Hardy
3                                           Attorney for Plaintiffs

4

5

6  Date: August 31, 2006                    /s/
                                            Rochelle C. East
                                            Supervising Deputy Attorney General
7                                           Attorneys for Defendants Tilton, Farber-
                                            Szekrenyi, and Kuykendall
8

9

10 Date: August 31, 2006                    /s/
                                            Paul B. Mello
11                                          Hanson, Bridgett, Marcus, Vlahos &
   Rudy
12                                          Attorneys for Defendants Tilton, Farber-
                                            Szekrenyi, and Kuykendall
13

14     I, Alison Hardy, attest that Rochelle East and Paul Mello signed this document on August 24, 2006.
15

16 IT IS SO ORDERED.

17     Date: August 31, 2006                _____
                                            Honorable Jeffrey S. White
18                                          United States District Court Judge