IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS PEREZ, et al.<br><br>    Plaintiffs,<br><br>  v.<br><br>RODERICK HICKMAN, et al.,<br><br>    Defendants.<br>_____/ | No. C 05-05241 JSW<br><br>**ORDER GRANTING IN PART, AND DENYING AS MOOT IN PART PLAINTIFFS' MOTION FOR ORDER REQUIRING DEFENDANTS TO INCREASE DENTAL SALARIES, HIRE KEY DENTAL MANAGERS AND STREAMLINE DENTAL HIRING PRACTICES** |

**INTRODUCTION**

This matter came before the Court on June 1, 2007, upon consideration of Plaintiffs' Motion for Order Requiring Defendants to Increase Dental Salaries, Hire Key Dental Managers and Streamline Dental Hiring Practices. At the hearing, the Court ordered the parties to submit further briefs on the issues presented by this motion and to clearly outline the parties' positions in light of the revisions made by Defendants in the hiring and recruitment plan.

On June 6, 2007, the Court received the Court Representatives' Revised Recommendations Relating to Analysis of California Department of Corrections and Rehabilitation *Perez* and *Coleman* Recruitment and Hiring, Salary and Staffing Plans (Docket No. 129), Plaintiffs' Response to the Court Experts' Revised Recommendations (Docket No. 128), and Defendants' Statement Regarding Disputed Issues with Plaintiffs' Motion (Docket No. 130).

Having considered the parties' pleadings, relevant legal authority, and having had the benefit of oral argument, the Court HEREBY GRANTS IN PART AND DENIES AS MOOT IN PART Plaintiffs' Motion.

**BACKGROUND**

On December 19, 2005, Plaintiff Carlos Perez, on behalf of himself and all similarly situated persons (hereinafter "Plaintiffs"), filed this action and alleged that the dental care system operated by the California Department of Corrections and Rehabilitation ("CDCR") was constitutionally inadequate. (Compl. ¶ 1.) On that same date, Plaintiffs submitted a proposed Stipulation and Order outlining a settlement agreement that the parties had reached through informal negotiations that commenced in August 2004. (*See* Docket Nos. 3, 4.) That stipulation was subsequently amended and submitted to the Court for preliminary and final approval.

On August 21, 2006, this Court held entered final approval of the Amended Stipulated Settlement Agreement ("Amended Stipulation"). (*See* Docket No. 69.) Pursuant to the Amended Stipulation, the parties agreed to implement policies and procedures that were "designed to meet at least the minimum level of dental care necessary to fulfill Defendants' obligations under the Eighth Amendment of the U.S. Constitution." (*Id.* at ¶ 11.) Defendants further agreed to "make all reasonable efforts to secure the funding necessary to implement the Policies and Procedures," and also agreed to "make all reasonable efforts to ... hire and train necessary dental personnel." (*Id.* ¶¶ 11, 12.)

On August 31, 2006, the Court appointed two experts to assist the parties and to evaluate and monitor implementation of the Amended Stipulation (*See* Docket No. 73.) On February 8, 2007, the Court issued an Order appointing these experts as Court Representatives to facilitate coordination of the remedial efforts in this case with the remedial efforts in *Coleman, et al. v. Schwarzenegger, et al.*, No. CIV S-90-0520 LKK JFM P (E.D. Cal.) and *Plata, et al. v. Shwarzenegger, et al.*, No. C 01-1351 TEH (N.D. Cal.).

Beginning in October 2006, the parties brought the question of salaries and staffing to the attention of the Court. In a Status Conference Statement submitted on October 20, 2006,

1 Defendants stated that "current salary levels at CDCR are an impediment to hiring and retaining
2 dental staff. Defendants are currently attempting to remedy this issue. However, in order for
3 the CDCR to obtain the necessary funding to finance these salary increases, the parties may
4 need to seek a further order from this Court." (Docket No. 80 at 3.)

5 In a January 26, 2007, Status Conference Statement, the parties noted that the
6 Governor's 2007-2008 budget included "57,800,000 for potential salary increases for CDCR
7 dental personnel." The parties candidly acknowledged that the Legislature would have to
8 approve the budget before those funds could be available. (Docket No. 90 at 2.) Plaintiffs
9 noted that CDCR's attempts at hiring were "stymied" by the existing salary levels, which had
10 resulted in high vacancy rates. As such, Plaintiffs set forth their belief that a court order
11 waiving state law would be necessary to remedy both problems. (*Id.* at 2-3.)

12 At a February 2, 2007 status conference, the Court advised the parties that it wished to
13 hear from the Court Representatives on these issues. Accordingly, on March 23, 2007, the
14 Court Representatives issued a Report regarding the Personnel and Management Issues Related
15 to Dental Services in the California Department of Correction and Rehabilitation ("March 23
16 Report"). (*See* Declaration of Allison Hardy in Support of Plaintiffs' Motion, Ex. E.)

17 The parties also addressed the staffing and salary issues in a joint status conference
18 statement dated March 23, 2007. (Docket No. 101.) In light of the substantive issues raised in
19 the status conference statement and the lack of agreement on this issue, on March 30, 2007, the
20 Court ordered Plaintiffs to file a motion with respect to any relief that they might seek with
21 respect to salaries and staffing. (Docket No. 106.)

## ANALYSIS

**A.    Legal Standards Under the Prison Litigation Reform Act.**

This case was brought under the Prison Litigation Reform Act ("PLRA"). Pursuant to the PLRA, the Court may grant prospective relief in a particular case if it finds that "such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

3

1    In this case, Plaintiffs ask the Court for relief that would require Defendants to exceed
2 their authority under State law. As such, the Court can only grant relief if it finds that "(i)
3 Federal law requires such relief to be ordered in violation of State ... law; (ii) the relief is
4 necessary to correct the violation of a Federal right; and (iii) no other relief will correct the
5 violation of the Federal right." *Id*. § 3626(a)(1)(B)(i)-(iii).

**B.    Salary Increases.**

   The parties agree that salaries for CDCR dental personnel must be increased. The parties do not agree on the process by which this should occur. Plaintiffs ask the Court to Order the salary increases. Defendants argue that because the Governor has included funds for salary increases and for new dental positions in the 2007-2008 budget, and because they have negotiated with and received agreement on salary increases from the applicable unions, the Court should defer to the legislative process.[1] (*See* Opp. at 5-7; Declaration of Julie Chapman.)

   It is undisputed that as of January 2007, vacancy rates for dentists and dental assistants were 53% and 35%, respectively, at the 14 rollout institutions identified in the Amended Stipulation. The vacancy rates for all institutions and CDCR Headquarters are 39.4% for dentists, 17.1% for chief dentists, and 45.9% for dental assistants. (*See* Declaration of Alison Hardy ("Hardy Decl."), Ex. E (March 23 Report) at 4.) The Court Representatives further conclude that to comply with the Settlement Agreement, Defendants must hire approximately 158 new dentists. (*Id.*)

   The Court recognizes the efforts Defendants have made with respect to obtaining the necessary salary increases in this case. Defendants do not, however, come before this Court with a clean slate. This case is but one of a handful of federal court cases addressing various

---

[1] Although the parties do not agree on the method by which salaries should be increased, they and the Court Representatives have agreed that the increases in salaries should be made retroactive to April 1, 2007, and also have agreed that certain PERSability requirements be implemented with the salary increases. Accordingly, these agreements shall be incorporated into this Court's Order.

4

medical[2] care issues within the CDCR, and the Court will not ignore Defendants' past inability to effect meaningful change without court intervention.  (*See* Hardy Decl., Exs. A-C.)

Moreover, the parties began to negotiate the Settlement Agreement in 2004.  It is therefore reasonable for the Court to conclude that, at the time they entered into the Settlement Agreement with Plaintiffs, Defendants were aware of the steps they would need to be take to fulfill their obligations under that agreement.  Indeed, as early as October 2006, the parties acknowledged that increased salaries were an issue in this case.  Finally, at the hearing on this motion, the parties acknowledged that there is no guarantee that the Legislature will act on July 1 to approve the 2007-2008 budget.  Thus, as of the date of this Order, the Defendants' proposal has been pending for six months with no action and no guaranty that any action will be taken in the near future.

The Court also expresses its concern with statements made by the Legislative Analysis Office ("LAO").  In its report on the proposal for the salary increases, the LAO stated:

> *Action on Proposals Premature*.  Without prejudice to the possible merit of these proposals, we believe legislative action on them is premature until the federal courts have issued further orders in the *Coleman* and *Perez* cases.
>
> In the *Perez* case, the court has been considering whether to order increases in compensation for dental staff at the prisons in order to address persistent difficulties in recruiting and retaining such clinicians. The administration has indicated the request is meant to be a placeholder until final court action has been taken, at which time it intends to adjust the level of funding that has been requested for this purpose.  Once further court decisions have been issued in both of these cases, the 2007-08 budget requests related to these health care issues could require significant adjustments.
>
> *Analyst's Recommendation*.  **We withhold recommendation on these proposals at this time and will comment once the federal courts have taken further actions in these cases.** [emphasis added].

(*See* Hardy Decl., Ex. E at 5.)

Although this recommendation is not binding on the Legislature, in light of the "administration's" statement that the request is intended to be a "placeholder until final court

---

[2] The Court uses the term "medical care" broadly to encompass health, mental health and dental care.

5

action has been taken," the Court is not convinced that allowing the legislative process to run its course will succeed. Rather, the findings set forth with regard to vacancy rates in the Court Representatives Report, the parties' agreement that salary increases are necessary to remedy these vacancy rates and to ensure Defendants meet their obligations under the Amended Stipulation, the lack of certainty with respect to legislative action, and the lack of control that this Court has over the Legislature, compels the conclusion that Court intervention is necessary. Accordingly, the Court GRANTS Plaintiff's motion to the extent it seeks an Order regarding salary increases.

**C.    Hiring, Staffing, and Recruiting Issues.**

On April 20, 2007, Defendants submitted their "Recruitment and Hiring Plan for Dental and Mental Health Programs" to the parties. (Hardy Decl. Ex. F.) After consulting with Plaintiffs and the Court Representatives about this plan, on May 14, 2007, Defendants submitted a revised "Recruitment and Hiring Plan for Dental and Mental Health Programs." (*See* Declaration of Alison Hardy in Support of Supplemental Reply ("Hardy Supp. Reply Decl."), Ex. A.) As set forth above, on June 6, 2007, Plaintiffs, Defendants, and the Court Representatives submitted additional recommendations to the Court in light of the revised plan.

   **1.    Staffing**

The Court Representatives recommend changes to the existing CDCR dental organizational structure, including creating and funding positions for: (1) a Deputy Statewide Dental Director; (2) support staff for the Statewide Deputy Dental Director; and (3) support staff for the four Regional Dental Directors.[3] Plaintiffs concur with these recommendations.

Each of the Court Representatives has significant experience in correctional and public health care, with a focus on dental care. (*See* Declaration of Alison Hardy in Support of Plaintiffs' Reply ("Hardy Reply Decl."), Ex. A.) Based on their collective experience, they opine that a Deputy Statewide Dental Director is necessary, because the "Statewide Dental Director is stretched too thin to manage the Dental Program, comply with the *Perez* Stipulation

---

[3] None of these positions are contained in the budget proposal pending before the Legislature.

6

1  Agreement, and deal with internal and external stakeholders." (Hardy Decl., Ex. E at 9.) They
2  note that "[t]ypically in all large institutional health care systems, the Director has a deputy or
3  chief of staff to deal with the day-to-day issues ... allowing the Director to focus on dealing with
4  external stakeholders, planning, and dealing with quality assurance and problematic issues."
5  (*Id.*) The Court Representatives also note that the Deputy should be a dentist so that he or she is
6  able to deal with *clinical* issues on a daily basis. (Hardy Supp. Reply Decl., Ex. E at 11.)

7  In response, Defendants have presented the Declaration of Brigid Hanson, who is the
8  Director (A) for the Division of Correction Health Care Services at the CDCR and a named
9  defendant. (Declaration of Brigid Hanson ("Hanson Decl."), ¶ 1.) Ms. Hanson attests that
10 because there are "significant levels of management already being considered for the dental
11 program," and because it "would not be an effective utilization of resources," she decided not to
12 include a Deputy Statewide Dental Director in the dental program's organizational structure.
13 (*Id.* ¶ 3.) Ms. Hanson and Defendants did not provide the Court with any information about Ms.
14 Hanson's expertise on these issues. Plaintiffs, however, submit evidence that Ms. Hanson's
15 employment history pertains to labor relations. (Declaration of Alison Hardy in Support of
16 Reply ("Hardy Reply Decl."), Ex. C.) There is no evidence in the record to suggest that Ms.
17 Hanson has any clinical dental experience. Thus, the Court Representatives opinions as to what
18 is required from a clinical perspective to ensure compliance with the Amended Stipulation
19 essentially are undisputed. Given the significant duties the Statewide Dental Director will have,
20 the Court concludes that the recommendation to include a Deputy Statewide Dental Director
21 and support staff for that position is well taken. For these same reasons, the Court concludes
22 that the recommendation that Defendants fund and create the support staff for the Regional
23 Directors also is well taken. Plaintiffs' motion is therefore GRANTED IN PART on this basis
24 as well.

25      **2.    Hiring**.

26 The parties again agree that in order to comply with the Amended Stipulation, the
27 Defendants must be able to recruit additional staff members and hire staff members in a timely
28 fashion. The Court Representatives and Plaintiffs ask the Court to Order Defendants to

7

implement a Hiring Finance Letter that would establish a hiring unit within the CDCR. (Hardy Supp. Reply Decl., Ex. B.)

With respect to the actual hiring practices, Defendants submitted a revised proposal with their opposition to Plaintiffs' motion. (Declaration of Nancy Bither ("Bither Decl."), Ex. A.) At the meeting held on June 1, 2007, Defendants voluntarily agreed to implement this plan and to provide the Court Representatives and the Plaintiffs with information by which compliance and efficacy of the plan can be monitored. Therefore, Defendants argue that it is not necessary for the Court to order the Defendants to implement the proposed streamlined hiring practices. For the reasons set forth above, the Court concludes that action is required at this time, and Plaintiffs' motion is GRANTED IN PART on this basis as well.

**3. Recruitment.**

As part of their Hiring and Recruitment plan, Defendants state that they intend to rely on a "Recruitment Contractor." However, the request for a Recruitment Contractor stems from the Department of Personnel Administration, which is not a party to this action, and, at this stage, is only a proposal. Moreover, it appears that the Court Representatives have withdrawn their recommendations with regard to the issue of recruitment, and ask only that the Court revisit the issue by no later than December 2007. Accordingly, the Court DENIES AS MOOT this aspect of Plaintiffs' motion.

If, however, Plaintiffs or the Court Representatives determine that, notwithstanding the salary increases provided by this Order and the streamlined hiring practices, Defendants are unable to recruit qualified candidates, such that they cannot fill vacant positions this ruling is without prejudice to filing a motion for further relief.

**CONCLUSION**

Accordingly, for the reasons set forth herein, IT IS HEREBY ORDERED that:

1. By no later than **thirty** days after the date of this Order Defendants shall fund and implement the salaries for all classifications of Dentists, including the Statewide Dental Director, proposed in Governor Schwarzenegger's proposed budget, as set forth in Table 2 of March 23, 2007 Report of the Court Representatives on Personnel and Management Issues

Related to Dental Services in the California Department of Correction and Rehabilitation ("March 23, 2007 Report").

2. It is FURTHER ORDERED that the salary increases required by paragraph 1 of this Order, shall be retroactive to April 1, 2007, and that as set forth in the Agreement Reached on May 3, 2007 Between the Department of Personnel Administration and Union of American Physicians and Dentists (UAPD) Concerning Raises for CDCR Dentists,[4] PERSability for the affected classes shall be implemented in stages not to exceed three years to reach full PERSability, as follows: (1) salary increases below 15% shall be fully PERSable; (2) salary increases between 15%-29% shall be implemented in stages over a two-year period; and (3) salary increases above 30% shall be implemented in stages over a three year period.

3. It is FURTHER ORDERED that the salary increases required by paragraph 1 of this Order shall be included in the paychecks of currently employed dentists within ninety days.

4. It is FURTHER ORDERED that in the event the Legislature passes the budget and approves the salary increases as set forth in Table 2 of the March 23, 2007 Report, the portion of this Order requiring Defendants to fund and implement those salaries shall be deemed moot.

5. It is FURTHER ORDERED that within **thirty** days of the date of this Order Defendants shall establish and fill the position of Statewide Dental Director.

6. It is FURTHER ORDERED that within **sixty** days of the date of this Order, Defendants shall:

a. Fund, establish, and fill the position of Deputy Statewide Dental Director, who shall be a dentist, and shall set a salary for this position between that set for the Statewide Dental Director and the Regional Directors, as set forth in Table 2 of the March 23, 2007 Report;

b. Fund, establish and fill positions for the following support staff for the Deputy Statewide Dental Director: Executive Secretary, Associate Government Program Analyst/Staff Service Analyst; and Health Program Specialist I;

---

[4] Declaration of Julie Chapman, Exhibit A.

      c.     Fund, establish and fill positions for the following support staff for each of the Regional Directors: Secretary, Associate Government Program Analyst/Staff Service Analyst; and Health Program Specialist I

      7.     It is FURTHER ORDERED that within **thirty (30)** days of the date of this Order, Defendants shall implement the Hiring Finance Letter attached as Exhibit B to the Hardy Supplemental Reply Declaration, which establishes the hiring unit within the CDCR.

      8.     It is FURTHER ORDERED that Defendants shall implement the Streamlined Hiring Requirements, as set forth in Exhibit A to the Bither Declaration, for a ninety day trial period, which shall commence 45 days after both the salary increase required by paragraph 1 and the implementation of the Hiring Finance Letter required by paragraph 7 become effective. During this ninety day period, Defendants shall provide bi-weekly reports to the Court Representatives and to Plaintiffs listing: (1) name of candidate; (2) date of completed application; (3) institution(s) for which candidate applied; (4) date applicant was initially contacted by CDCR; (5) date interview took place; (6) date of hiring decision; (7) date of offer; and (8) start date.

      9.     The following state law requirements shall be waived *for the sole and limited purpose* of enabling Defendants to effect and implement the directives contained in this Order with respect to salary increases and the hiring of key dental managers: (1) California Government Code sections 3516.5, 3517, 19816, 19826, 19829, 19836, and (2) California Code of Regulations: Title 2, section 599.681.[5]

      10.    Pursuant to 18 U.S.C. § 3126(a)(1), the Court finds that the remedies set forth above are narrowly drawn to remedy the constitutional violations at issue, extend no further than necessary to correct a current and on-going federal right, and is the least intrusive means necessary to correct these violations.

---

[5] If either party believes other provisions of state law must be waived, they shall submit a statement to the Court within five (5) days of the date of this Order outlining which provisions they request be included and the basis of any such request.

10

11. The Court also finds that this relief will not pose an unnecessary burden on Defendants and will not have an adverse impact on either the safety of the public or on the operation of the criminal justice system.

12. IT IS FURTHER ORDERED that the parties shall appear for a status conference on Friday, October 26, 2007 at 1:30 p.m. The parties' joint status conference statement shall be due by no later than Friday, October 19, 2007. If either party or the Court Representatives believe a status conference is required before then, they shall submit a motion for administrative relief, or a stipulation and proposed order, setting forth the basis for their request for an earlier status date.

**IT IS SO ORDERED.**

Dated: June 12, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

11