IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CARLOS PEREZ, et al.

    Plaintiffs,

v.

JAMES TILTON, et al.,

    Defendants.

No. C 05-05241 JSW

**NOTICE OF TENTATIVE RULING AND QUESTIONS FOR HEARING**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING TENTATIVE RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON FEBRUARY 29, 2008, AT 9:00 A.M.:

    The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

    The Court **tentatively grants** Defendants' motion and **tentatively denies without prejudice** Plaintiffs' motion.

The parties each shall have twenty (20) minutes to address the following questions:

1. It seems to the Court that the primary dispute between the parties is the meaning of "in the custody of."

    a. Do Defendants dispute that prisoners who are transferred to out of state facilities are in the constructive custody of the CDCR? If so, on what legal authority do they rely to support their position?

    b. The Amended Stipulation refers throughout to "institutions" and "prisons" and the obligations under the Policies and Procedures and the Implementation Plan. In light of the fact that the Court must read the Amended Stipulation as a whole, what is Plaintiffs' best argument that the term "in the custody of" should not be limited to prisoners housed in the 33 institutions identified in the Amended Stipulation?

2. The Amended Stipulation contains an integration clause and expressly provides that "[n]o extrinsic evidence whatsoever may be introduced in any judicial proceeding to provide the meaning or construction of this Stipulation." (Amended Stipulation, ¶ 43.) Given that provision, on what basis can the Court consider the evidence submitted by both parties in this case?

    a. Plaintiffs concede that, at the time the parties negotiated the stipulation and the Amended Stipulation, the parties did not contemplate that prisoners would be transferred out-of-state. If the Court were to find the "in the custody of the CDCR" provision to be ambiguous, can the Court consider this concession to determine the parties' intent?

3. If the Court were to conclude that prisoners who are transferred out of state with serious dental care needs are members of the class because they are in the custody of the CDCR notwithstanding their transfer, in light of the requirements of the Amended Stipulation, what specific actions are Plaintiffs asking Defendants to take regarding those prisoners and/or the private facilities to which the inmates are transferred?

2

| | | |
|---|---|---|
| 1 | a. | The contract attached as Exhibit B to the Declaration of Alison Hardy states that "the CONTRACTOR shall provide services consistent with all applicable Federal, state and local laws and regulations governing the delivery of offender health services and *any applicable court orders* including *but not limited to*" Orders issued in the *Coleman* and *Plata* cases. Why is this contract provision not broad enough to encompass orders in this case, such that as a matter of contract the private facilities would be required to comply with the Amended Stipulation and any Orders of this Court, to the extent practicable? |
| 4. | | What is Defendants' response to the Court Representatives' assertions that the screening process the CDCR uses to determine if a prisoner has serious dental care needs, before that prisoner is transferred, is flawed? |
| 5. | | Are there any other issues the parties wish to address? |

**IT IS SO ORDERED.**

Dated: February 27, 2008

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

3