IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

RALPH COLEMAN, et al.,

    Plaintiffs,　　　　　　　　No. CIV S-90-0520 LKK JFM P (E.D. Cal.)

  v.

ARNOLD SCHWARZENEGGER, et al.,

    Defendants.
_____/

MARCIANO PLATA, et al.,

    Plaintiffs,　　　　　　　　No. C 01-1351 TEH (N.D. Cal.)

  v.

ARNOLD SCHWARZENEGGER, et al.,

    Defendants.
_____/

CARLOS PEREZ, et al.,

    Plaintiffs,　　　　　　　　No. C 05-5241 JSW (N.D. Cal.)

  v.

JAMES TILTON, et al.,

    Defendants.
_____/

| | | |
|---|---|---|
| 1 | JOHN ARMSTRONG, et al., | |
| 2 | Plaintiffs, | No. C 94-2307 CW (N.D. Cal.) |
| 3 | v. | |
| 4 | ARNOLD SCHWARZENEGGER, et al., | <u>ORDER APPROVING INFORMATION TECHNOLOGY COORDINATION AGREEMENT</u> |
| 5 | | |
| 6 | Defendants. _____/ | |

The Receiver in <u>Plata</u>, the Special Master in <u>Coleman</u>, and the Court Representatives in <u>Perez</u> and <u>Armstrong</u> presented to the judges in the above-captioned cases the attached agreement regarding information technology that they reached during the coordination meetings they have held to date. On February 4, 2008, the undersigned judges granted the parties until February 15, 2008, to show cause as to why the agreement should not be adopted as a court order. Defendants filed a timely response in each case, but none of the four sets of Plaintiffs filed a response.

In their response, Defendants stated that they did not object to the agreement but sought "to ensure that the [<u>Plata</u>] Receiver will coordinate with the Department of Mental Health in order to facilitate technological compatibility and communication regarding patient care between the Department of Mental Health [DMH] and the California Department of Corrections and Rehabilitation [CDCR]." Defs.' Response at 2. The Receiver has no objection to such coordination.

Accordingly, with good cause appearing, IT IS HEREBY ORDERED that:

1. The attached coordination agreement regarding information technology is approved.

2. The <u>Plata</u> Receiver shall coordinate with DMH to facilitate technological compatibility and communication regarding patient care between DMH and CDCR.

//

//

3. The Plata Receiver shall file quarterly reports in each of the above-captioned cases concerning developments pertaining to matters that are the subject of the information technology agreement. The first such quarterly report shall be filed on or before June 15, 2008.

**IT IS SO ORDERED.**

DATED: 03/10/08

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

DATED: 03/10/08

THELTON E. HENDERSON
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF CALIFORNIA

DATED: 03/10/08

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF CALIFORNIA

DATED: 03/10/08

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF CALIFORNIA

INFORMATION TECHNOLOGY

The objective of the Receiver's long term information technology (IT) program is to construct and support the California Correction Health Care Information System based on the importance of "correct data at the point of care." The core design is based on an Electronic Medical Record (EMR) for each inmate/patient. The EMR will be paperless, medical information gathered in one location for physicians and clinicians to access, at various locations, and thereby enable them to make informed and safe medical decisions. All data obtained will be patient-centric to allow for an "Information at the Point of Care" system.

To support the establishment of an EMR, a foundation will be formed. It will contain four components: 1) technical infrastructure, 2) clinical infrastructure, 3) data infrastructure, and 4) operational infrastructure. The technical infrastructure will provide a high-speed connection to a network of multiple sites. The clinical infrastructure will provide a repository of standardized data through verifiable data processes and compile medical data across all compliant data sources into a unified database that can be used to generate information valuable for patient care and healthcare management. The data infrastructure will implement a secure clinical web-based portal tool that allows clinical staff appropriate access to verified and standardized patient data at the point of care or clinical work areas (i.e. university hospitals, local specialty care centers). The operational infrastructure will provide clinical informatics with a near zero fault tolerance system to support various operations (i.e. Maxor Pharmaceuticals).

Upon this foundation, the EMR will be supported by uniform clinical data provided by two types of clinical information systems: 1) clinical business systems and 2) clinical systems. The Clinical Business System will sustain such areas as access tracking, scheduling, correctional interface, clinical resource scheduling, clinical contracting, credentialing, and continuing medical education (CME) verification. The clinical systems will sustain such areas as laboratory, radiology, pharmacy, clinical department workflow, telemedicine, digital imaging, dental systems and mental health systems.

4

Based on these systems the EMR will facilitate:
- a clinical data warehouse
- views on data - patient, clinician, administrator portals and reports
- integrated patient care at the regional level
- clinical/case management and outcome reporting
- chronic disease registries
- enterprise wide/common scheduling
- supported clinical decisions
- cost effective and timely patient-centered care
- telemedicine delivery

The Receiver will assume responsibility for implementation of the long term IT program to include the medical, dental and mental health programs. The Coleman Special Master, the Perez court experts, the Armstrong court representative, and defendants' mental health and dental administrators will be kept informed of the progress of this long range project and will provide necessary input concerning mental health, dental and Armstrong clinical data needs.

Telemedicine is a critical component of the Receiver's plan to bring the California Prison Health Care system to a constitutional standard. The Receiver will assume responsibility for the telemedicine program serving the medical, dental, mental health and Armstrong programs to include direct oversight of the office of telemedicine services comprised of eight personnel [4 RNs, 2 Staff Services Analysts (SSAs), 1 Health Records Technician II (HRT II), and 1 TCA II]. The Coleman Special Master will consult with defendants' mental health administrators to assist in establishing clinical guidelines for the mental health component of the telemedicine program.

The Receiver will assume responsibility to support the current Mental Health Tracking System until it can be integrated into the long term IT program.

There will be ongoing coordination among the four cases to ensure that the Disability and Effective Communication System (DECS) and the Receiver's IT system are integrated appropriately.