IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS PEREZ, et al.<br><br>    Plaintiffs,<br><br>  v.<br><br>MATTHEW CATE, et al.,<br><br>    Defendants.<br>_____/ | No. 05-05241 JSW<br><br>**ORDER GRANTING MOTION TO ENFORCE STIPULATED INJUNCTION AND COURT ORDER RE EXPERTS** |

## INTRODUCTION

Now before the Court for consideration is the Motion to Enforce Stipulated Injunction and Court Order re Experts filed by Plaintiffs. Having considered the parties' papers, relevant legal authority, the record in this case, and having had the benefit of oral argument, the Court HEREBY GRANTS Plaintiffs' motion.

## BACKGROUND

The background and history of the settlement of this class action involving dental care within the California prison system is well known to the parties and shall not be repeated here. The instant dispute arises because, after the parties entered into the Stipulated Injunction, Defendants began to transfer prisoners to out-of-state facilities. Defendants contend that no class members have been transferred out-of-state. Plaintiffs are concerned that Defendants' screening process is inadequate.[1]

---

[1] The Court representatives presented a report to the Court in October 2007, in which they expressed their view that the screening process then in place was inadequate. (Declaration of Alison Hardy, Ex. A.) The screening process that was the subject of the 2007 Report has been revised. (*Id.*, Ex. H.)

The Court has advised Plaintiffs that if they seek to amend the Stipulated Injunction to include prisoners who have been transferred out-of-state, they must file a motion to do so. In anticipation of that motion, the Court ordered the parties to engage in a meet-and-confer process. As part of the meet-and-confer process, Plaintiffs requested that Defendants produce dental files for prisoners who have been deemed eligible for transfer. Although Defendants have produced those documents, Defendants have taken the position that the Experts/Court Representatives should not review or opine on them. (*See* Hardy Decl., ¶ 15, Ex. J.)

## ANALYSIS

On August 31, 2006, the Court issued an Order appointing Drs. Shulman and Scalzo as Experts in this case. Pursuant to that Order, "[a]t the request of any party or the Court, the experts shall evaluate Defendants' Dental Implementation Plan [the "Implementation Plan"] and their Dental Policies and Procedures [the "Policies"], to advise the Court whether they are sufficient to satisfy Defendants' obligations as set forth in the Stipulation filed concurrently with this Order." (Declaration of Charles Antonen ("Antonen Decl."), Ex. B, ¶ 1.) The August 31 Order also stated that the experts shall, at the request of either party or the Court, evaluate Defendants' compliance with the Implementation Plan and the Policies, and any modifications to the Implementation Plan and Policies, whether proposed by Plaintiffs or Defendants. (*Id.*, Ex. B, ¶¶ 2-4.) In order to fulfill their duties under the August 31 Order, the experts "shall have access to ... all relevant documents ... to the extent such access is reasonably needed to fulfill their obligations." (*Id.*, Ex. B, ¶ 12.)

On February 8, 2007, the Court issued a further Order in which it designated the experts Court Representatives in order to assist in the coordination of this matter with *Coleman v. Schwarzenegger*, CIV-S-90-0520-LKK (JFM) (E.D. Cal.) and *Plata v. Coleman*, C-01-1351 TEH (N.D. Cal.). (Antonen Decl., Ex. C.) That Order provides that the Court Representatives' "duties set forth herein may be further specified, expanded or modified only by Order of this Court." (*Id.*, Ex. C, ¶ 6.) The February 8 Order also provided that the experts, as Court Representatives, "shall have access to ... all relevant documents, ... to the extent such access is reasonably necessary to fulfill their obligations.

2

The Court repeatedly has expressed its concern that Defendants may be transferring existing members of the *Perez* class to out-of-state facilities. Although Plaintiffs have brought the instant motion, in order to assist the Court and in anticipation of Plaintiffs' motion on this issue, pursuant to paragraph 6 of the February 8, Order, the Court HEREBY ORDERS the Court Representatives to prepare a report on Defendants' revised screening process. That report shall be filed on or before December 4, 2008.

Based on argument and colloquy at the hearing, it also appears that allowing the Court Representatives access to dental records is reasonably necessary to prepare this report. Accordingly, it is FURTHER ORDERED, that by no later than November 20, 2008, Defendants shall produce copies of dental records for 117 inmates that were endorsed for transfer to an out-of-state facility during the month of July 2008. If any these 117 inmates prisoners still are housed in CDCR facilities within California, Defendants shall produce the entirety of an inmates' dental record. If any of the 117 inmates have been transferred to an out-of-state prison, Defendants shall produce copies of the dental records in accordance with the scope of consent previously obtained by Plaintiffs' counsel, or in accordance with any future consent obtained by Plaintiffs. If the Court Representatives deem it reasonably necessary to review medical records, they shall file a statement to such effect with the Court and serve it on Plaintiffs and Defendants.

It is FURTHER ORDERED that Defendants may file any objections or comments to the Court Representatives' report on the revised screening procedure by no later than December 15, 2008. Plaintiffs may file a response by no later than December 22, 2008.

**IT IS SO ORDERED.**

Dated: October 20, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

3