IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS PEREZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MATTHEW CATE, et al., <br><br> Defendants. | No. C 05-05241 JSW <br><br> **NOTICE OF TENTATIVE RULING AND QUESTIONS FOR HEARING** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING TENTATIVE RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON FEBRUARY 20, 2009, AT 9:00 A.M.:

The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The Court **tentatively grants** Plaintiffs' motion to join the Governor as a Defendant, and **tentatively denies** the motion to modify the injunction. The Court is, however, inclined to evaluate in more detail the Defendants' screening process and whether it adequately serves to ensure inmates with serious dental needs are not transferred out of state.

The parties each shall have twenty (20) minutes to address the following questions:

**Plaintiffs' Motion to Join Governor Schwarzenegger as a Defendant:**

1.    a.    Do Defendants dispute the fact that the Governor failed to hire the Statewide Dental Director at the salary ordered by the Court? If not, do Defendants agree that the Governor retains the ability to exercise control over their ability to comply with the Stipulated Injunction and this Court's Orders? If not, on what basis?

     b.    In light of the fact that the Governor did not comply with this Court's hiring and salary order, why have Plaintiffs withdrawn the motion to hold the Governor in contempt?

2.    In light of the fact that the Governor is a named defendant in the *Plata, Coleman* and *Armstrong* cases, and in light of Plaintiffs' current position on the issue, why did Plaintiffs not comply with Fed. R. Civ. P. 19(c), when they filed the original complaint?

**Plaintiffs' Motion to Modify the Stipulated Injunction.**

3.    Defendants put forth evidence that inmates who are transferred to a COCF receive a dental examination within 30-90 days. (*See* Rosenberg Decl., Ex. C.) However, Exhibit A to the Merrill Declaration states that "[i]f a transferred or re-admitted inmate/resident has received an oral examination in a correctional system within the past year, a new examination is not required unless determined by the dentist." (Merrill Decl., Ex. A at 3.) Does this latter statement apply to inmates transferred under the COCF program?

4.    Would Defendants object to suspending the transfer of inmates with DPC category 2, while the Court evaluates the existing screening process?

5.    Does either party believe that an evidentiary hearing on the adequacy of the screening process is necessary? If so, would the parties want to engage in further discovery on the issue prior to such a hearing?

6.    Are there any other issues the parties wish to address?

**IT IS SO ORDERED.**

Dated: February 18, 2009

JEFFREY S. WHITE  
UNITED STATES DISTRICT JUDGE