**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS PEREZ, et al., | |
| Plaintiffs, | No. 05-05241 JSW |
| v. | **ORDER GRANTING PLAINTIFFS' MOTION TO JOIN GOVERNOR ARNOLD SCHWARZENEGGER AS A PARTY DEFENDANT** |
| MATTHEW CATE, et al., | |
| Defendants. | |

## INTRODUCTION

Now before the Court for consideration is Plaintiffs' Motion to Join Governor Arnold Schwarzenegger as a Party Defendant. Having considered the parties' papers, relevant legal authority, the record in this case, and having had the benefit of oral argument, the Court HEREBY GRANTS Plaintiffs' motion.[1]

## BACKGROUND

On December 19, 2005, Plaintiffs filed their Complaint in this action and concurrently filed a stipulated settlement. Plaintiffs named the following defendants, in their official capacities: the Secretary of the California Department of Rehabilitation and Corrections, the Chief of the Health Care Services Division, and the Chief Dentist, Adult Operations and Adult

---

[1] Plaintiffs' Request for Judicial Notice in support of their reply brief is GRANTED.

Plaintiffs are reminded that this Court's Local Rules require footnotes to be in twelve point font. *See* N.D. Civ. L.R. 3-4(c)(2). If Plaintiffs fail to comply with that rule in the future, they are HEREBY ADVISED that the Court shall strike offending papers from the record.

1  Programs. On August 21, 2006, the Court granted the parties' motion for final approval of the
2  settlement and entered the Amended Stipulation of Settlement ("Amended Stipulation").
3    In June 2007, this Court ordered the Defendants to hire key dental managers and
4  implement certain salaries. (Docket No. 133 (Order Granting in Part and Denying As Moot in
5  Part Plaintiffs' Motion Requiring Defendants to Increase Dental Salaries, Hire Key Dental
6  Managers, and Streamline Dental Hiring Practices ("Hiring and Salary Order").) However, the
7  Court also stated that "in the event the Legislature passes the budget and approves the salary
8  increases as set forth in Table 2 of the March 23, 2007 Report, the portion of this Order
9  requiring Defendants to fund and implement those salaries shall be deemed moot." (Hiring and
10 Salary Order at 9:13-16.) The Legislature ultimately passed the budget and approved the salary
11 increases.
12   Plaintiffs now move to add Governor Arnold Schwarzenegger as a party defendant.
13 Plaintiffs contend that the Governor has prevented the Defendants from complying with the
14 Amended Stipulation and with this Court's Order regarding hiring and staffing. In their
15 opening brief, Plaintiffs supported their argument by noting that the Governor had declined to
16 appoint a Statewide Dental Director. (*See, e.g.,* Declaration of Alison Hardy, ¶¶ 4-5.) On
17 January 6, 2009, the Governor appointed Dr. Diana Toche as the Statewide Dental Director.
18 However Dr. Toche was hired at a salary substantially below the salary level contemplated in
19 the budget. (*See* Reply Declaration of Alison Hardy, ¶¶ 2-3, Ex. A.)

**ANALYSIS**

21   "A person who is subject to service of process and whose joinder will not deprive the
22 Court of subject matter jurisdiction *must* be joined as a party if ... in that person's absence, the
23 Court cannot accord complete relief among existing parties."[2] Fed. R. Civ. P. 19(a)(1)(A). It is
24 undisputed that joining the Governor as a defendant would be feasible.
25   There is no precise formula for determining whether a particular non-party
   is necessary to an action. "The determination is heavily influenced by the
26   facts and circumstances of each case." Nevertheless, Rule 19(a)

---

[2] Because the Court concludes that the Governor is a necessary party under Rule 19(a) and that joinder is feasible, it does not reach Plaintiffs' alternative argument that the Governor should be joined under Rule 20.

2

> contemplates a two-part analysis to aid in determining if an absent party is necessary. First, the court must consider if complete relief is possible among those parties already in the action. Second, the court must consider whether the absent party has a legally protected interest in the outcome of the action.

*Confederated Tribes of Chealis Indian Reservation v. Lucan*, 928 F.2d 1496, 1998 (9th Cir. 1991) (quoting *Bakia v. County of Los Angeles,* 687 F.2d 299, 301 (9th Cir.1982)).

Defendants argue that because the Governor appointed Dr. Toche, Plaintiffs' motion is moot. Under Rule 19(a)(1)(A) "it must appear that 'complete relief' cannot be accorded between" the existing parties, *i.e.* Plaintiffs and Defendants, absent the Governor's joinder. *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1043 (9th Cir. 1983) (citing Rule 19(a)(1); 3A J. Moore & J. Lucas, *Moore's Federal Practice,* ¶ 19.07-1[1], at 19-128 (2d ed. 1982)). "This factor is concerned with consummate rather than partial or hollow relief as to those already parties, and with precluding multiple lawsuits on the same cause of action." *Id.*

Under this standard, the Court finds that Plaintiffs have met their burden to show the Governor should be joined as a Defendant. Plaintiffs and Defendants entered into the Amended Stipulation, which requires the Defendants to take certain actions to ensure that Plaintiffs obtain constitutionally adequate dental care. The Court has determined that in order to effectuate the requirements of the Stipulated Injunction, Defendants were required to establish and fill various dental staff positions. (*See* Hiring and Salary Order at 6:9-8:10.) Although the portion of the Hiring and Salary Order that related to the salary increases may have become moot when the legislature passed that budget, those provisions of the Order requiring the Defendants to establish and fill dental staff positions are not moot. The record before this Court establishes that the Governor has the power to interfere with the requirements of the Amended Stipulation and the Orders this Court has issued to effectuate the remedial phase of this litigation. (*See, e.g.,* Hardy Reply Decl., ¶ 3 & Ex. A.)

That fact distinguishes this case from *Eldredge v. Carpenters 46 Nor. Cal. Counties Joint Apprenticeship and Training Comm.*, 662 F.2d 534 (9th Cir. 1981). In that case, the plaintiffs alleged that the defendant's apprenticeship program discriminated against women. The district court concluded that approximately 4500 employers were indispensable parties and

dismissed the case when the plaintiffs failed to join them. *Id.* at 536. The district court concluded that the employers were necessary and indispensable, because the employers *could* potentially frustrate any possible relief that might be granted against the defendant. *Id.* at 537. The Ninth Circuit reversed and determined that the employers were not necessary parties, in part because there was no evidence that the employers would frustrate relief afforded to plaintiffs. *Id. Eldredge* is also distinguishable because, in contrast to the facts of this case, the court had not issued any orders granting plaintiffs the relief they sought.

The Court finds that it would be hollow relief to issue an Order requiring Defendants to take action under the Amended Stipulation, when the Defendants' ability to take such action could then be thwarted by the Governor. *See, e.g., Associated Dry Goods v. Towers Financial Corp.*, 921 F.2d 1121, 1124 (2d Cir. 1990). Accordingly, the Court concludes that Plaintiffs have established that Governor Schwarzenegger is a necessary party. Because joinder is feasible, the Governor shall be added as a defendant.

### CONCLUSION

For the foregoing reasons, Plaintiffs' motion to join the Governor under Rule 19 is GRANTED. The Governor need not file a responsive pleading, and he shall be deemed to have joined in all pleadings previously filed by the Defendants.

**IT IS SO ORDERED.**

Dated: February 23, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE