IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CARLOS PEREZ, et al., | | |
| | Plaintiffs, | No. C 05-05241 JSW |
| v. | | **NOTICE OF QUESTIONS FOR HEARING** |
| MATTHEW CATE, et al., | | |
| | Defendants. | |
| _____/ | | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON AUGUST 28, 2009, AT 9:00 A.M.

The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The parties each shall have ten (10) minutes to address the following questions,

1. Defendants have not previously objected to the paralegal rates Plaintiffs charged, and until now apparently have not taken the position that Plaintiffs' paralegal

      rates should be capped. Why have Defendants not waived this issue by their past conduct?

2. What is Plaintiffs' best argument that, in light of the Supreme Court's conclusion that the term "attorneys' fees" includes paralegal fees, the plain language of Section 1997e(d)(3) does not set a cap on paralegal fees?

3. Plaintiffs rely on *Richlin Security Service Co. v. Chertoff*, 127 S.Ct. 2007 (2008) in support of their position that the PLRA does not cap rates for paralegals.

    a. Do Plaintiffs still maintain that *Richlin* stands for the proposition that, under the Equal Access to Justice Act ("EAJA"), paralegal rates can be compensated at market value regardless of the cap imposed by EAJA?

    b. What is Plaintiffs' best argument that the language of EAJA, which explicitly refers to prevailing market rates, does not render the rationale of *Richlin* inapplicable to the PLRA?

**IT IS SO ORDERED.**

Dated: August 25, 2009

                                                     JEFFREY S. WHITE
                                                     UNITED STATES DISTRICT JUDGE