**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CARLOS PEREZ, et al.,

    Plaintiffs,

v.

MATTHEW CATE, et al.,

    Defendants.
                                /

No. C 05-05241 JSW

**ORDER GRANTING MOTION TO COMPEL DISPUTED 2008 ATTORNEYS' FEES**

## INTRODUCTION

Now before the Court for consideration is the Motion to Compel Disputed 2008 Attorneys' Fees filed by Plaintiffs. Having considered the parties' papers, relevant legal authority, the record in this case, and having had the benefit of oral argument, the Court HEREBY GRANTS Plaintiffs' motion.

## BACKGROUND

The procedural and factual history of this matter is well known to the parties and shall not be repeated here. Pursuant to the Amended Stipulated Injunction ("Amended Stipulation"), issued on August 21, 2006, Plaintiffs are entitled to apply for attorneys' fees, and the Prison Litigation Reform Act ("PLRA") applies to all fee applications. (Docket No. 69 (Amended Stipulation, ¶ 42).) On April 10, 2007, the Court approved the parties' Stipulation re Periodic Payment of Attorneys' Fees and Costs ("Fee Stipulation"). (Docket No. 110).

Pursuant to the Fee Stipulation, "[t]he billing rates for Plaintiffs' counsel shall be in accordance with 42 U.S.C. § 1997e(d) of the PLRA," and "[t]he billing rates for personnel other

1  than Plaintiffs' counsel shall be identified in the first quarterly statement for each year." (Fee
2  Stipulation, ¶ 1.)

3  The instant dispute arises over the hourly rate for paralegal services.[1] During 2006 and
4  2007, Defendants did not dispute Plaintiffs' requested hourly rates for paralegal services.
5  (Declaration of Allison Hardy ("Hardy Decl."), ¶ 14.) For 2008, however, Defendants do
6  contest Plaintiff's requested hourly rate of $169.50. Defendants have paid Plaintiffs for
7  paralegal services during 2008 at an hourly rate of $135, but ask that in the future, the Court
8  award a lower rate. The total amount in dispute is $3553.

## ANALYSIS

Pursuant to the PLRA, "[i]n any action brought by a prisoner who is confined to any jail, prison, or other correctional facility, in which attorney's fees are authorized under section 1988 of this title, ... no award of attorney's fees ... shall be based on an hourly rate greater than 150 percent of the hourly rate established under section 3006A of Title 18 for payment of court-appointed counsel." 42 U.S.C. § 1997e(d)(1), (3). There is no dispute that an award of attorneys' fees can include paralegal fees. *See Missouri v. Jenkins*, 491 U.S. 274, 285 (1989).

In their briefs, Plaintiffs argued that the PLRA did not cap hourly rates for paralegal fees and argued that a paralegal could be paid at prevailing market rate, *regardless* of the hourly rate cap set forth in Section 1997e(d)(3). (*See, e.g.,* Plaintiffs' Motion at p. 4 n. 1 ("Although the PLRA caps attorney rates, it does not cap paralegal rates.").) At the hearing, Plaintiffs clarified their position and conceded that the PLRA's hourly rate cap for applies to paralegal services. With that concession, the only issue before the Court is to determine the appropriate hourly rate for paralegals.

The plain language of the statute does not distinguish between the maximum hourly rate applicable to counsel and the maximum hourly rate applicable to persons other than counsel. Rather, Section 1997e(d)(3) sets forth the maximum hourly rate applicable to an award of "attorneys' fees," a term the Supreme Court has construed to include paralegal fees. *Jenkins*,

---

[1] The parties do not dispute Plaintiffs' entitlement to recover fees paid for paralegal work.

2

1  491 U.S. at 285.  Accordingly, the Court construes the PLRA to permit an award of paralegal
2  fees based on hourly rates up to, but not exceeding, the rate cap set forth in Section 1997e(d)(3),
3  so long as those rates are reasonable.  *See, e.g., Hall v. Terrell,* 2009 WL 2568560, at *4 (D.
4  Colo. Aug. 18, 2009); *Hudson v. Dennehy*, 568 F. Supp. 2d 125, 133 (D. Mass. 2008); *Laube v.
5  Allen*, 506 F. Supp. 2d 969, 989 (D. Ala. 2007); *Ilick v. Miller,* 68 F. Supp. 2d 1169, 1179 (D.
6  Nev. 1999); *Roberson v. Brassell*, 29 F. Supp. 2d 346, 353 (S.D. Tex. 1998); *cf. Graves v.
7  Arpaio*, _ F. Supp. 2d _, 2009 WL 1047847 at *(D. Ariz. Apr. 20, 2009) (noting that PLRA sets
8  a maximum hourly rate, not a discount rate).

9        The Court now turns to whether Plaintiffs' proposed hourly rate is reasonable.  Section
10  1997e(d)(3) provides no guidance on the method by which a court should determine a
11  reasonable hourly rate for paralegal services.  Defendants argue that the Court should apply the
12  rates set for paralegal services in this Court's Criminal Justice Act Panel Attorney Manual.  In
13  this case, those rates would be the paralegal's salaried hourly rate, plus the costs of employer-
14  paid basic benefits.  (*See* Opp. Br., Ex. 2.)  Although Section 1997e(d)(3) does refer to 18
15  U.S.C. § 3006A, it does not incorporate the entire section, which addresses matters other than
16  compensation.  Rather, Section 1997e(d)(3) incorporates the provision of Section 3006A that
17  sets the hourly rate established for payment of court appointed counsel, *i.e.*, Section
18  3006A(d)(1).  Accordingly, the Court rejects Defendants' proposal.

19        Plaintiffs urge the Court to rely on the prevailing market rates as a baseline to determine
20  whether their proposed hourly rate of $169.50 is reasonable.  Plaintiffs submit an excerpt from
21  the "Annual Compensation Survey for Paralegals/Legal Assistants and Managers 2008
22  Edition," which sets forth information on average billing rates for five California regions.
23  Because the Prison Law Office is located in Berkeley, the relevant region in this case is the San
24  Francisco-Oakland-Fremont Area ("the Bay Area"), which shows that the average billing rate
25  for a "Legal Assistant/Paralegal" is $200 per hour and the average billing rate for a "Senior
26  Legal Assistant/Paralegal" is $253 per hour.  Defendants have not challenged these figures.

27
28

United States District Court
For the Northern District of California

3

Plaintiffs' proposed hourly rate for of $169.50 for paralegal services, which happens to coincide with the maximum hourly rate permitted under Section 1997e(d)(3), is below the prevailing market hourly rate for paralegal services in the Bay Area. (Hardy Decl., Ex. B.) The Court has considered the nature of the work performed by the paralegals in this case, as well as their experience, and concludes that the proposed rate is reasonable. (*See* Hardy Decl., ¶ 15, Exs. H, I; Hardy Reply Decl., Ex. B.)

The Court recognizes that by this Order, it is awarding an hourly rate for paralegal services that is coextensive with counsel's hourly rate and that, in general, attorneys utilize paralegal services as a cost savings mechanism. However, in the absence of any authority requiring the Court to set the hourly rates for paralegal services below that of hourly rates for counsel, the Court declines to follow the lead of those district courts that discount hourly rates paid to paralegals to achieve that result. *See, e.g, Ilick,* 68 F. Supp. 2d at 1179-80; *Roberson*, 29 F. Supp. 2d at 353. Further, as noted, the Court finds the proposed hourly rate to be reasonable under the circumstances of this case. Accordingly, Plaintiffs' motion is GRANTED.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion is GRANTED. Defendants shall pay Plaintiffs the disputed $3553 within thirty (30) days of this Court's Order.

**IT IS SO ORDERED.**

Dated: September 1, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE