1
2
3
4
5

PRISON LAW OFFICE
DONALD SPECTER
ALISON HARDY, State Bar No. 135966
 1917 Fifth Street
 Berkeley, CA 94710
 Telephone: (510) 280-2621
 Fax: (510) 280-2704
ahardy@prisonlaw.com
*Attorneys for Plaintiffs*

6
7
8
9
10
11
12

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

13
14
15
16
17
18
19
20

| **CARLOS PEREZ,** | C 05-05241 JSW |
|---|---|
| Plaintiff, | **STIPULATION AND [PROPOSED] ORDER TO STAY PLAINTIFFS' MOTION TO COMPEL PAYMENT OF REASONABLE PARALEGAL FEES FOR WORK PERFORMED DURING 2009 UNTIL THE RESOLUTION OF *PEREZ V. CATE* APPEAL NO. 09-17185** |
| v. | |
| **MATTHEW CATE, et al.,** | |
| Defendants. | |

21
22
23
24
25
26
27
28

STIPULATION AND ORDER TO STAY
MOTION TO COMPEL
*Perez v. Cate*, C-05-05241 JSW

1

**STIPULATION TO STAY PLAINTIFFS' MOTION TO COMPEL PAYMENT OF REASONABLE PARALEGAL FEES FOR WORK PERFORMED DURING 2009 UNTIL THE RESOLUTION OF *PEREZ V. CATE* APPEAL NO. 09-17185**

Plaintiffs and Defendants STIPULATE as follows:

1.      Pursuant to the *Perez* Periodic Fees Order, "Plaintiffs may file a yearly motion to compel payment of disputed items, if necessary, not later than sixty days after the parties meet and confer with respect to the statement covering the fourth quarter of each year." April 10, 2007 Stipulation and Order for Periodic Payment of Attorneys' Fees and Costs (attached as Appendix A). The only remaining, disputed issues from 2009 are: (1) Defendants' refusal to pay for any work performed by staff who are not "paralegals" as defined by California Business & Professions Code § 6450, and; (2) Defendants' refusal to pay more than $135 per hour or $82.50 per hour for paralegal work on the case.

2.      Plaintiffs' counsel will file a motion to compel regarding the first issue identified above.

3.      With respect to the second issue, Defendants' refusal to pay more than $135 per hour or $82.50 per hour for paralegal work, the parties agree to stay Plaintiffs' motion on this issue pending final resolution of *Perez, et al. v. Cate, et al.,* Court of Appeals Docket No. 09-17185, United States Court of Appeals for the Ninth Circuit, including any petitions for panel or en banc rehearing, or final resolution in the United States Supreme Court (hereinafter "*Perez* appeal"). In so doing, Plaintiffs do not waive and will enforce their right to interest in accordance with the provisions set forth in the April 10, 2007 Periodic Fees order. Nothing in this Stipulation may be deemed a waiver or concession of any party's legal arguments regarding this issue.

4.      If the requested stay is granted, the parties will meet and confer regarding the paralegal rate issue within 10 days after the mandate issues in the *Perez* appeal. If the parties are still unable to resolve this issue, Plaintiffs will file a motion to compel within 60 days of the completion of the meet and confer.

AGREED TO BY THE PARTIES:

Date: July __, 2010

_____/s/_____.
Alison Hardy
Attorney for Plaintiffs

Date: July __, 2010

_____/s/_____.
Phillip Lindsay
Deputy Attorney General
Attorney for Defendants

    I, Alison Hardy, attest that Phillip Lindsay signed this document on _____, 2010.

IT IS SO ORDERED.

Date: __July 8_____, 2010

_____
Honorable Jeffrey S. White
United States District Court Judge

Appendix A

1 PRISON LAW OFFICE
  DONALD SPECTER
2 ALISON HARDY, State Bar No. 135966
  General Delivery
3 San Quentin, CA 94964
  Telephone: (415) 457-9144
4 Facsimile: (415) 457-9151

5 Attorneys for Plaintiffs

6

7 EDMUND G. BROWN JR.
  Attorney General of the State of California
  DAVID CHANEY
8 Chief Assistant Attorney General
  FRANCES T. GRUNDER
9 Senior Assistant Attorney General
  ROCHELLE C. EAST
10 Supervising Deputy Attorney General
   CHARLES J. ANTONEN, State Bar No. 221207
11 Deputy Attorney General
   455 Golden Gate Avenue, Suite 11000
12 San Francisco, CA 94102-7004
   Telephone: (415) 703-5711
13 Facsimile: (415) 703-5843

14 Attorneys for Defendants

15

16

17 **IN THE UNITED STATES DISTRICT COURT**

   **NORTHERN DISTRICT OF CALIFORNIA**

18

19

20 CARLOS PEREZ, et al.,                   No. C05-5241 JSW

21          Plaintiffs,

22                                          **STIPULATION AND [PROPOSED]**
                                            **ORDER RE PERIODIC PAYMENT**
23     v.                                   **OF ATTORNEYS' FEES AND COSTS**

   JAMES TILTON, et al.,

24

25          Defendants.

26

27

28

1.  As permitted by Paragraph 42 of the Amended Stipulation and Order (Stipulation), Plaintiff's counsel shall submit quarterly statements to Defendants' counsel for fees and costs incurred in connection with Stipulation. In accordance with the Prison Litigation Reform Act (PLRA), the statements will itemize the time spent, subject activity, applicable attorney and other personnel billing rates, and costs with sufficient particularity to allow Defendants to identify which efforts were or were not useful and necessary to ensure compliance with the Stipulation. The billing rates for Plaintiffs' counsel shall be in accordance with 42 U.S.C. §1997e(d) of the PLRA. The billing rates for personnel other than Plaintiffs' counsel shall be identified in the first quarterly statement of each year. Unless Defendants dispute any of the fees or costs requested, the billing statements submitted by Plaintiffs' counsel shall not include declarations or other supporting pleadings. Plaintiffs' counsel shall serve the quarterly statements simultaneously on the Attorney General's Office and the Legal Affairs Division of the California Department of Corrections and Rehabilitation.

2.  Upon receipt of Plaintiffs' quarterly statement, Defendants shall have thirty days to request clarification and/or dispute item(s) on the statement. After notifying Plaintiffs' counsel of such a request and/or dispute, Plaintiffs' and Defendants' counsel shall meet and confer within thirty days. Following the meet and confer process, Plaintiffs' counsel shall prepare a stipulated order for payment of fees not subject to Defendants' objections. Plaintiffs' counsel shall present the signed stipulated payment order to the Court for entry. Defendants shall have thirty days from the entry of the order by the Court to pay the undisputed fees without accruing interest. Interest shall begin to accrue, at the rate provided by 28 U.S.C. § 1961, on any unpaid amounts on the thirty-first day after the entry of the order by the Court.

3.  If Defendants decline to agree to any stipulated payment order, or unreasonably fail to timely process a fees request described in Paragraph 2, Plaintiffs' counsel may file with the Court a proposed order for collection of fees that are not disputed, together with a certification of counsel under penalty of perjury setting forth the relevant facts and circumstances. Defendants' counsel may respond within five court days of filing the proposed order and certification. Plaintiffs' counsel may reply within two court days after Defendants' response is filed. The

parties request that the Court rule on Plaintiffs' application without conducting a hearing, unless the Court considers such a hearing necessary. The parties agree that this expedited process shall not be used in instances where Defendants have a reasonable basis for disputing fees and expenses Plaintiffs have claimed to be undisputed. If any party determines that systematic problems in the meet and confer process have arisen, that party may move for further modification of this process and this stipulation, by a properly noticed motion made pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court.

4. Plaintiffs may file a yearly motion to compel payment of disputed items, if necessary, not later than sixty days after the parties meet and confer with respect to the statement covering the fourth quarter of each year. Such motion shall be briefed and heard pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court. To the extent Plaintiffs prevail on their motion to compel payment of disputed items, Defendants shall have thirty days from the entry of the order by the Court to pay the amount of the order without accruing interest. Interest shall begin to accrue, at the rate provided by 28 U.S.C. § 1961, on any unpaid amounts on the thirty-first day after the entry of the order by the Court. If Defendants oppose any billing rates proposed by Plaintiffs' counsel, Plaintiffs shall bring a motion to compel on this issue following the first quarterly statement of each year.

5. In the event that an unusually large number of hours or a significant issue is in dispute, Plaintiffs may bring a quarterly motion to compel on those issues alone. Any such quarterly motion to compel will be filed no later than thirty days after the parties have met and

////
////
////
////
////
////
////

1  conferred on the quarterly statement at issue.  Such motions will be briefed and heard pursuant to

2  the Federal Rules of Civil Procedure and the Local Rules of this Court.

3

4       IT IS SO STIPULATED.

5

6  Date:   April 10, 2007         /s/  Alison Hardy

7                                   Alison Hardy
                                 Prison Law Office

8                                   Attorney for Plaintiffs

9

10

11  Date:   April 10, 2007         /s/  Charles J. Antonen
                                 Charles J. Antonen

12                                   Deputy Attorney General
                                 Attorney for Defendants

13

14       I, Alison hardy, attest that Charles Antonen signed this document on April 10, 2007.

15

16       **IT IS SO ORDERED**.

17

18  Dated: __April 10, 2007__

19  JEFFREY S. WHITE
     United States District Court

20

21

22

23

24

25

26

27

28