DONALD SPECTER #83925
ALISON HARDY #135966
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, CA 94710
dspecter@prisonlaw.com
ahardy@prisonlaw.com
Telephone: (510) 280-2621
Attorneys for Plaintiffs

EDMUND G. BROWN JR.
Attorney General of the State of California
PHILLIP LINDSAY, State Bar No. 204444
Deputy Attorney General
110 West A St., Suite 1100
San Diego, CA 92101
Telephone: (619) 645-3134
Facsimile: (619) 645-2581
Phillip.Lindsay@doj.ca.gov
Attorneys for Defendants

UNITED STATES DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS PEREZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MATTHEW CATE, et al., <br><br> Defendants. | Case No. **C05-5241 JSW** <br><br> **CLASS ACTION** <br><br> **STIPULATION AND [PROPOSED] ORDER TO PAY PLAINTIFFS INTERIM FEES AND TO STAY PLAINTIFFS' MOTION TO COMPEL PAYMENT OF REASONABLE FEES FOR WORK PERFORMED BY NONPARALEGALS DURING 2009 UNTIL THE RESOLUTION OF PEREZ V. CATE APPEAL NO. 09-17185** |

STIPULATION AND [PROPOSED] ORDER
*Perez v. Cate*, C-05-5241 JSW

**STIPULATION TO STAY PLAINTIFFS' MOTION TO COMPEL PAYMENT OF REASONABLE FEES FOR WORK PERFORMED BY NONPARALEGAL LITIGATION ASSISTANTS DURING 2009 UNTIL THE RESOLUTION OF PEREZ V. CATE APPEAL NO. 09-17185**

Plaintiffs and Defendants STIPULATE as follows:

1. Pursuant to the *Perez* Periodic Fees Order, "Plaintiffs may file a yearly motion to compel payment of disputed items, if necessary, not later than sixty days after the parties meet and confer with respect to the statement covering the fourth quarter of each year." April 10, 2007 Stipulation and Order for Periodic Payment of Attorneys' Fees and Costs (attached as Appendix A). The sole fee issue remaining in dispute for 2009 is the rate or rates defendants must pay plaintiffs for work performed by paralegals and by nonparalegal litigation assistants

2. On July 8, 2010, the parties agreed to stay Plaintiffs' motion to compel regarding the rate to be paid paralegals pending final resolution of *Perez, et al. v. Cate, et al.*, Court of Appeals Docket No. 09-17185, United States Court of Appeals for the Ninth Circuit, including any petitions for panel or en banc rehearing, or final resolution in the United States Supreme Court (hereinafter "Perez appeal"). Docket No. 525. The parties agreed, however, that plaintiffs would move to compel based on defendants' refusal to pay any fees for work performed by nonparalegal litigation assistants. *Id.*

3. Plaintiffs now withdraw their motion to compel payment for work performed by nonparalegal litigation assistants (Docket No. 526), as defendants agree to pay these fees, at a reduced rate. The parties agree to stay Plaintiffs' motion regarding the final rate to be paid nonparalegal litigation assistants pending final resolution of the *Perez* appeal, including any petitions for panel or en banc rehearing, or final resolution in the United States Supreme Court.

4. In the interim, defendants agree to pay nonparalegal litigation assistant fees at the hourly rate of $82.50. For 2009, defendants will pay plaintiffs, within 30 days of the

STIPULATION AND [PROPOSED] ORDER
*Perez v. Cate*, C-05-5241 JSW          2

passage of the California state budget for 2010/2011, $3902 for the 47.3 hours that defendants had previously refused to compensate. In so doing, Plaintiffs do not waive and will enforce their right to interest in accordance with the provisions set forth in the April 10, 2007 Periodic Fees order. Nothing in this Stipulation may be deemed a waiver or concession of any party's legal arguments regarding this issue.

5. If the Ninth Circuit rules in the *Perez* appeal that the Prison Litigation Reform Act governs paralegal fees, then the PLRA also governs nonparalegal litigation assistant fees.

6. If the requested stay is granted, the parties will meet and confer regarding the nonparalegal rate issue, as well as the paralegal rate issue, within 10 days after the mandate issues in the *Perez* appeal. If the parties are still unable to resolve this issue, Plaintiffs will re-file a motion to compel within 60 days of the completion of the meet and confer.

**IT IS SO STIPULATED**.

Date: August 25, 2010
        /s/
Alison Hardy
Prison Law Office
Attorney for Plaintiffs

Date: August 25, 2010
        /s/
Phillip Lindsay
Deputy Attorney General
Attorney for Defendants

I, Alison Hardy, attest that Phillip Lindsay signed this document on August 25, 2009.

The hearing on September 10, 2010 at 9:00 a.m. on the motion to compel is VACATED, and the parties shall appear at 1:30 p.m. for the status conference.

**IT IS SO ORDERED**.

Dated: August 27, 2010

JEFFREY S. WHITE
United States District Court

STIPULATION AND [PROPOSED] ORDER
*Perez v. Cate*, C-05-5241 JSW

3

# APPENDIX A

```
 1  PRISON LAW OFFICE
    DONALD SPECTER
 2  ALISON HARDY, State Bar No. 135966
    General Delivery
 3  San Quentin, CA  94964
    Telephone: (415) 457-9144
 4  Facsimile: (415) 457-9151

 5  Attorneys for Plaintiffs

 6
    EDMUND G. BROWN JR.
 7  Attorney General of the State of California
    DAVID CHANEY
 8  Chief Assistant Attorney General
    FRANCES T. GRUNDER
 9  Senior Assistant Attorney General
    ROCHELLE C. EAST
10  Supervising Deputy Attorney General
    CHARLES J. ANTONEN, State Bar No. 221207
11  Deputy Attorney General
    455 Golden Gate Avenue, Suite 11000
12  San Francisco, CA 94102-7004
    Telephone: (415) 703-5711
13  Facsimile: (415) 703-5843

14  Attorneys for Defendants
```

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| CARLOS PEREZ, et al., | No. C05-5241 JSW |
|---|---|
| Plaintiffs, | **STIPULATION AND [PROPOSED] ORDER RE PERIODIC PAYMENT OF ATTORNEYS' FEES AND COSTS** |
| v. | |
| JAMES TILTON, et al., | |
| Defendants. | |

1.  As permitted by Paragraph 42 of the Amended Stipulation and Order (Stipulation), Plaintiff's counsel shall submit quarterly statements to Defendants' counsel for fees and costs incurred in connection with Stipulation. In accordance with the Prison Litigation Reform Act (PLRA), the statements will itemize the time spent, subject activity, applicable attorney and other personnel billing rates, and costs with sufficient particularity to allow Defendants to identify which efforts were or were not useful and necessary to ensure compliance with the Stipulation. The billing rates for Plaintiffs' counsel shall be in accordance with 42 U.S.C. §1997e(d) of the PLRA. The billing rates for personnel other than Plaintiffs' counsel shall be identified in the first quarterly statement of each year. Unless Defendants dispute any of the fees or costs requested, the billing statements submitted by Plaintiffs' counsel shall not include declarations or other supporting pleadings. Plaintiffs' counsel shall serve the quarterly statements simultaneously on the Attorney General's Office and the Legal Affairs Division of the California Department of Corrections and Rehabilitation.

2.  Upon receipt of Plaintiffs' quarterly statement, Defendants shall have thirty days to request clarification and/or dispute item(s) on the statement. After notifying Plaintiffs' counsel of such a request and/or dispute, Plaintiffs' and Defendants' counsel shall meet and confer within thirty days. Following the meet and confer process, Plaintiffs' counsel shall prepare a stipulated order for payment of fees not subject to Defendants' objections. Plaintiffs' counsel shall present the signed stipulated payment order to the Court for entry. Defendants shall have thirty days from the entry of the order by the Court to pay the undisputed fees without accruing interest. Interest shall begin to accrue, at the rate provided by 28 U.S.C. § 1961, on any unpaid amounts on the thirty-first day after the entry of the order by the Court.

3.  If Defendants decline to agree to any stipulated payment order, or unreasonably fail to timely process a fees request described in Paragraph 2, Plaintiffs' counsel may file with the Court a proposed order for collection of fees that are not disputed, together with a certification of counsel under penalty of perjury setting forth the relevant facts and circumstances. Defendants' counsel may respond within five court days of filing the proposed order and certification. Plaintiffs' counsel may reply within two court days after Defendants' response is filed. The

Stipulation and Order re
Periodic Payment of Attorneys' Fees and Costs
2
*Perez v. Tilton, et al.*
05-CV-05241 JSW

1  parties request that the Court rule on Plaintiffs' application without conducting a hearing, unless
2  the Court considers such a hearing necessary.  The parties agree that this expedited process shall
3  not be used in instances where Defendants have a reasonable basis for disputing fees and expenses
4  Plaintiffs have claimed to be undisputed.  If any party determines that systematic problems in the
5  meet and confer process have arisen, that party may move for further modification of this process
6  and this stipulation, by a properly noticed motion made pursuant to the Federal Rules of Civil
7  Procedure and the Local Rules of this Court.

8       4.     Plaintiffs may file a yearly motion to compel payment of disputed items, if
9  necessary, not later than sixty days after the parties meet and confer with respect to the statement
10  covering the fourth quarter of each year.  Such motion shall be briefed and heard pursuant to the
11  Federal Rules of Civil Procedure and the Local Rules of this Court.  To the extent Plaintiffs
12  prevail on their motion to compel payment of disputed items, Defendants shall have thirty days
13  from the entry of the order by the Court to pay the amount of the order without accruing interest.
14  Interest shall begin to accrue, at the rate provided by 28 U.S.C. § 1961, on any unpaid amounts on
15  the thirty-first day after the entry of the order by the Court.  If Defendants oppose any billing rates
16  proposed by Plaintiffs' counsel, Plaintiffs shall bring a motion to compel on this issue following
17  the first quarterly statement of each year.

18       5.     In the event that an unusually large number of hours or a significant issue is
19  in dispute, Plaintiffs may bring a quarterly motion to compel on those issues alone.  Any such
20  quarterly motion to compel will be filed no later than thirty days after the parties have met and
21  ////
22  ////
23  ////
24  ////
25  ////
26  ////
27  ////
28

Stipulation and Order re  
Periodic Payment of Attorneys' Fees and Costs     3     *Perez v. Tilton, et al.*  
05-CV-05241 JSW

conferred on the quarterly statement at issue. Such motions will be briefed and heard pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court.

IT IS SO STIPULATED.

Date: April 10, 2007        /s/ Alison Hardy
                            Alison Hardy
                            Prison Law Office
                            Attorney for Plaintiffs


Date: April 10, 2007        /s/ Charles J. Antonen
                            Charles J. Antonen
                            Deputy Attorney General
                            Attorney for Defendants

I, Alison hardy, attest that Charles Antonen signed this document on April 10, 2007.

**IT IS SO ORDERED**.

Dated: April 10, 2007        _____
                             JEFFREY S. WHITE
                             United States District Court

Stipulation and Order re
Periodic Payment of Attorneys' Fees and Costs        4        *Perez v. Tilton, et al.*
                                                              05-CV-05241 JSW